538 So.2d 327 (1988)
PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI
v.
Johnnie DILLON and Asa Atwell Wiley.
No. 57987.
Supreme Court of Mississippi.
August 3, 1988.
As Modified on Denial of Rehearing February 22, 1989.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Richard G. Jones, Sp. Asst. Atty. Gen., Jackson, for appellant.
W.H. McGehee, McGehee, McGehee & Torrey, Meadville, for appellees.
Before ROY NOBLE LEE, C.J., and ROBERTSON and SULLIVAN, JJ.
ROBERTSON, Justice, for the Court:

I.
This case presents a claim of insufficiency of service of process. The question turns on whether, Rule 4(d), Miss.R.Civ.P., the Public Employees' Retirement System of Mississippi ("the System") more nearly resembles a "domestic corporation" or a "department" or "institution" of the State of Mississippi. The Court below held it was the former and denied the motion to dismiss. We affirm.

II.
Plaintiffs, Johnnie Dillon and Asa Atwell Wiley, are both employees of the Franklin County Sheriff's Department. Both Wiley and Dillon are over the age of seventy and the System, pursuant to Miss. Code Ann. § 25-11-111(f) (1972) sought to require their mandatory retirement.
Dillon and Wiley commenced this action on February 14, 1986, by filing their complaint in the Chancery Court of Franklin County, Mississippi. Named as the lone Defendant was the Public Employees' Retirement System of Mississippi. In their complaint, Dillon and Wiley sought declaratory and injunctive relief so as to relieve them from the demand of the System that they be retired "forthwith".
Process was issued for the System and was served by mail upon Fred M. Walker as agent for the System. Walker holds the office of Executive Secretary of the System. On March 13, 1986, the System appeared specially, acting under Rule 12(b), Miss.R.Civ.P.,[1] and moved to dismiss on *328 various grounds, including the charge that process was required to be served upon the Attorney General of Mississippi and that this had not been done. The motion to dismiss, it ought be noted, was filed by the self same Attorney General of the State of Mississippi.
On November 13, 1986, the Chancery Court entered its final judgment granting Dillon and Wiley substantive relief. For present purposes, we are concerned with that portion of the judgment which held
That the Public Employees' Retirement System of Mississippi is a distinct and separate corporation created by statute for the purpose of providing retirement benefits to participating covered employees. Service of process may be had upon it by mail or in the form and manner as for any other corporation under Rule 4(d)(4) of the Mississippi Rules of Civil Procedure. That it is not the State of Mississippi nor one of its departments, officers or institutions requiring the service of process upon the Attorney General of the State of Mississippi under Rule 4(d)(5) nor is it a governmental entity mentioned in any other rule requiring personal service of process.
The System now appeals.

III.
A defendant may be subjected to the in personam jurisdiction of a court only by service of process conforming to some valid rule prescribing the method and procedure for such service. The premise suggests resort to Rule 4, Miss.R.Civ.P. There we find many alternative procedures for service of process two of which are of concern today.
First, if the defendant be a domestic corporation, Rule 4(d)(4) authorizes service
by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.
Rule 4(c)(3) provides that such service may be by first class mail, postage prepaid.
On the other hand, if the defendant is a department or institution of the State of Mississippi, effective service of process may be had only by sheriff or process server
by delivering a copy of the summons and complaint to the Attorney General of the State of Mississippi.
Rule 4(d)(5). The problem is that the System is not exactly either.
If the System be more like a "domestic corporation", there is no question but that process was effectively served upon it. In March of 1986, Fred M. Walker was the Executive Secretary of the Public Employees' Retirement System and was one authorized to receive service of process within the meaning of Rule 4(d)(4). On the other hand, if the System be regarded a "department" or "institution" of the State of Mississippi, process was fatally deficient. No process was  or since has been  served upon the Attorney General of the State of Mississippi.
We find our answer in Rule 4(d) read in the light of the Public Employees' Retirement Law of 1952, as amended. Miss. Code Ann. §§ 25-11-1, et seq. (1972 and Supp. *329 1987). This latter enactment creates the System in the juridical form of a corporation. In relevant part, Miss. Code Ann. § 25-11-101 (1972) provides that the System
shall have all the powers and privileges of a corporation and is hereby designated a distinct and separate corporation... .
The System is further given the power to sue and be sued in its own name. (Miss. Code Ann. § 25-11-119(5) (Supp. 1987)).[2] The best reading of the statutory enactment is that the System is more like a "domestic corporation" within Rule 4(d)(4).
To be sure, the System performs a public function and is subject to far greater statutory control than the ordinary domestic corporation. If the legislature had wished to do so, it could have created the System so that it was merely a department or institution which was an arm or division of that legal entity, the State of Mississippi. The statute before us, however, creates the System "a distinct and separate corporation" and further provides that the System "shall have all of the powers and privileges of a corporation." We see no reason to read these words except by their plain meaning.
It is no answer that the powers exercised by the System may be a part of the executive power of the State of Mississippi. See Alexander v. State By and Through Allain, 441 So.2d 1329, 1342-43 (Miss. 1983). Rule 4(d)(4) mandates not an inquiry into the nature of the powers exercised by the System, but the juridical form of the legal entity charged to exercise those powers.
True, the Public Employees Retirement Law of 1952, as amended, provides extensive and detailed regulations regarding the responsibilities and functioning of the System. These are no more than statutorily clothed articles of incorporation and bylaws, reminding us of the day long past when all corporations were created by legislative enactment.
Whatever else may be said of it, the System exists as a separate and distinct juridical entity in this state legislatively created a corporation both in form and in name. The Chancery Court correctly held the System subject to service of process under Rule 4(d)(4).
PETITION FOR REHEARING DENIED; OPINION MODIFIED; AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN and ANDERSON, JJ., concur.
PITTMAN and ZUCCARO, JJ., not participating.
NOTES
[1] Rule 12(b), in relevant part, reads:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
* * * * * *
(4) Insufficiency of process,
(5) Insufficiency of service of process
* * * * * *
If the matter concerns the content of the summons, the motion should be made under Rule 12(b)(4). By contrast, a motion under Rule 12(b)(5) is the correct procedural vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint. See 5 Wright & Miller, Federal Practice & Procedure, § 1353, p. 578 (1969). When the defect consists of a misnamed defendant a challenge may be brought under either Rule 12(b)(4), since the summons contains an improper name, or under Rule 12(b)(5) if the wrong party, someone not named in the summons, is served. Some courts will treat this problem under both Rules 12(b)(4) and (5). See Wright & Miller, supra, and Sweeney v. Greenwood Index Journal Co., 37 F. Supp. 484, 485 (W.D.S.C. 1941).
In this case the correct defendant was named in the summons. The question is whether the person named in the summons as the defendant's agent and in fact served was under these circumstances an official legally empowered to accept process. We regard this concurrently a challenge, first, to sufficiency of process under Rule 12(b)(4)  was the correct agent named?, and, also, a challenge to sufficiency of service of process under Rule 12(b)(5)  was the correct agent served?, though hardly anything turns on the point.
[2] We recognize that Section 25-11-101 provides that the System shall transact its business under the name of "Public Employees Retirement System of Mississippi". Section 25-11-119(5) provides that the System shall sue and be sued under the name of "Board of Trustees of the Public Employees' Retirement System of Mississippi". The addition of the words "Board of Trustees" is one we regard without legal meaning or effect.