IRVING, J.,
for the Court.
¶ 1. Molly Montgomery Jones filed a complaint against Mississippi State University and other unknown individuals, alleging that she suffered personal injuries and damages while a business invitee on the campus of Mississippi State University (MSU), in Starkville. The Oktibbeha County Circuit Court dismissed the complaint because of Jones’ failure to comply with Mississippi Rule of Civil Procedure 4(d)(5). Aggrieved, Jones appeals, asserting that the circuit court erred in dismissing her complaint for lack of timely service of process, and that the court erred in failing to grant an extension of time to allow her to properly serve process upon the Attorney General of the State of Mississippi.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On November 15, 2004, Jones filed a complaint, alleging that she suffered personal injuries and damages while on the campus of MSU. On March 9, 2005, service of process was made upon J. Charles Lee, then president of MSU, rather than upon the Attorney General of the State of Mississippi, as required by Rule 4(d)(5) of the Mississippi Rules of Civil Procedure. On April 8, 2005, MSU filed a motion to dismiss claiming insufficiency of process and insufficiency of service of process. Jones served the Attorney General with process on May 31, 2005, more than seventy days after the expiration of the 120-day time period mandated by Rule 4(h) of the Mississippi Rules of Civil Procedure for serving complaints and summonses. The *511 circuit court sustained the University’s motion to dismiss and denied Jones’ motion for an extension of time to properly serve.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 4. We use a de novo standard when reviewing a trial court’s grant or denial of a motion to dismiss. Delta & Pine Land Co. v. Burns, 926 So.2d 901, 904(¶ 10) (Miss.2006) (citing Harris v. Miss. Valley State Univ., 873 So.2d 970, 988(¶ 54) (Miss.2004)).
¶ 5. Jones contends that she is entitled to relief from the circuit court’s ruling because she “held a good faith belief that she had properly served the defendant and therefore did not ask for additional time within 120 days.” Rule 4(h) of the Mississippi Rules of Civil Procedure provides:
If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.
Jones supports her contention by arguing that service upon MSU’s president was merely defective, and was not a total want of service; thus, the trial court should have granted her motion for additional time to serve the Attorney General. Jones claims that, “it is undisputed that the Appellee received actual notice of the suit pursuant to a properly executed Summons and Complaint, and that the Appel-lee received such Summons and Complaint within the required 120[day] time period.” Despite Jones’ contention, the Mississippi Supreme Court has held that “[t]o establish good cause the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.” Webster v. Webster, 834 So.2d 26, 28(¶ 4) (Miss.2002) (citing Peters v. United States, 9 F.3d 344, 345 (5th Cir.1993)).
¶ 6. While Rule 4(d)(5) requires that service on a state -institution be made by serving the Attorney General, Jones contends that this rule is ambiguous, claiming that MSU can be categorized as an institution, a corporation, or a political subdivision of the State, thus making service upon MSU’s president acceptable in compliance with Rule 4(d)(4).[1] Jones also contends that service under 4(d)(8)[2] on MSU is acceptable.
¶ 7. We find no ambiguity in Rule 4(d)(5). The Mississippi Rules of Civil Procedure clearly state that service of process shall be made, “[u]pon the State of Mississippi or any one of its departments, officers or institutions, by delivering a *512 copy of the summons and complaint to the Attorney General of the State of Mississippi.” M.R.C.P. 4(d)(5) (emphasis added). Jones relies on Public Employees’ Retirement System of Mississippi v. Dillon, 538 So.2d 327 (Miss.1989), as support for her argument that “MSU was incorporated by an act of the Legislature and exists as a ‘body politic and corporate ’ by the name of Mississippi State University.” (citation omitted). However, in Dillon, the Mississippi Supreme Court stated, “if the defendant is a department or institution of the State of Mississippi, effective service of process may be had only by sheriff or process server by delivering a copy of the summons and complaint to the Attorney General of the State of Mississippi.” Dillon, 538 So.2d at 328 (emphasis added).
¶ 8. We agree with the circuit court’s finding that “Mississippi State University is definitively identified as an institution of the state of Mississippi by Mississippi law, therefore service of process is dictated by MRCP 4(d)(5) and not MRCP 4(d)(4).” (citations omitted). Mississippi Code Annotated section 37-101-1 (Rev. 2001), provides that “[t]he following state institutions of higher learning, namely: ... Mississippi State University of Agriculture and Applied Science ... shall be under the management and control of a board of trustees to be known as the board of trustees of state institutions of higher learning.” (emphasis added). In addition, Mississippi Code Annotated section 37-113-3 (Rev.2001), provides:
The state institution of higher learning, as incorporated by an act of the legislature, approved February 28, 1878, by the name of the “Agricultural and Mechanical College of Mississippi,” and established in pursuance of that act, shall continue to exist as a body-politic and corporate, by the name of the “Mississippi State University of Agriculture and Applied Science,” with all its property and the franchises, rights, powers, and privileges heretofore conferred on it by law, or properly incident to such a body and necessary to accomplish the purpose of its creation; said university may receive and hold all real and personal property conveyed to it for such purpose.
(emphasis added).
¶ 9. It is undisputed that Jones did not serve the Attorney General until well after the expiration of the 120-day period. It is also clear that Rule 4(d)(5), which we find is unambiguous, requires service on a state institution to be made on the Attorney General. Therefore, we hold that the circuit court did not err in finding that counsel has failed to show good cause or excusable neglect for failing to timely serve the Attorney General.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. Rule 4(d)(4) provides that service shall be had "[u]pon a domestic or foreign corporation ... which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.”

. Rule 4(d)(8) provides that service shall be had [u]pon any governmental entity not mentioned above, by delivering a copy of the summons and complaint to the person, officer, group or body responsible for the administration of that entity or by serving the appropriate legal officer, if any, representing the entity. Service upon any person who is a member of the "group” or "body” responsible for the administration of the entity shall be sufficient.