919 So.2d 145 (2005)
Larry YOUNG, Appellant,
v.
Clide SHERROD, M.D., Appellee.
No. 2004-CA-00584-COA.
Court of Appeals of Mississippi.
May 31, 2005.
*146 James G. McLemore, Carthage, attorney for appellant.
Christopher Garrett Henderson, Heber S. Simmons, Jackson, attorneys for appellee.
Before BRIDGES, P.J., CHANDLER and ISHEE, JJ.
BRIDGES, P.J., for the Court.
¶ 1. On January 31, 2003, Larry Young filed a complaint in the Leake County Circuit Court. Within his complaint, Young alleged that Dr. Clide Sherrod committed medical malpractice. On June 25, 2003, Dr. Sherrod filed a motion to dismiss. Dr. Sherrod argued dismissal based on Young's failure to complete service of process. The circuit court found that Young failed to serve Dr. Sherrod with process pursuant to the provisions of the Mississippi Rules of Civil Procedure. Accordingly, the circuit court granted Dr. Sherrod's motion to dismiss. Aggrieved, Young appeals and advances the following issue, listed verbatim:
I. WAS THE DEFENDANT CLIDE SHERROD, M.D. EFFECTIVELY SERVED WITH PROCESS IN THIS CAUSE PURSUANT TO THE PROVISIONS OF RULE 4(c)(3)(A) IF THE DEFENDANT *147 IN FACT RECEIVED A COPY OF THE SUMMONS AND COMPLAINT IN THE MAIL WITHIN THE 120 DAY PERIOD EVEN THOUGH HE DID NOT RETURN THE ACKNOWLEDGMENT WITHIN 20 DAYS BUT THEREAFTER BY MOTION AND AFFIDAVIT ACKNOWLEDGED THAT HE RECEIVED THE SUMMONS AND COMPLAINT.
Finding no error, we affirm.

FACTS
¶ 2. On February 10, 2001, Larry Young visited Leake Memorial Hospital in Carthage, Mississippi. Young sought emergency room treatment due to pain and urinary difficulty. Dr. Clide Sherrod examined Young. Dr. Sherrod attempted to schedule a urology exam for Young, but Young refused. Dr. Sherrod gave Young a prescription and discharged him with orders to return the following day for a follow-up examination. Young did not return.
¶ 3. Two days later, Young visited the emergency room at the University Medical Center in Jackson, Mississippi. Resident physician David Claypool, M.D. examined Young. During Dr. Claypool's examination, Dr. Claypool noticed that Young had a rubber band around his penis. Dr. Claypool removed the rubber band.
¶ 4. On January 31, 2003, Young filed a complaint and alleged that Dr. Sherrod committed medical malpractice because Dr. Sherrod failed to discover and remove the rubber band around Young's penis. On February 10, 2003, the Leake County Circuit Clerk issued a summons that directed Dr. Sherrod to respond to the summons and complaint within thirty days of delivery. On April 1, 2003, Young filed a document titled "notice." That notice document stated that Dr. Sherrod had been served with service of process pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure. Further, that Dr. Sherrod "must sign and date the acknowledgement at the bottom of the page." The notice warned Dr. Sherrod that if he failed to complete and return the notice within twenty days of April 1, 2003, Dr. Sherrod could be required to pay "expenses incurred in serving a summons and complaint." The acknowledgement accompanying the notice is not signed by Dr. Sherrod.
¶ 5. On June 25, 2003, Dr. Sherrod filed a motion to dismiss Young's complaint. Within his motion, Dr. Sherrod argued that he never received service of process. Dr. Sherrod acknowledged that around May 8, 2003, he received a summons and complaint via U.S. mail. Dr. Sherrod went on to say that he never received personal service of process.
¶ 6. On March 8, 2004, the Leake County Circuit Court entered an order granting Dr. Sherrod's motion to dismiss. The circuit court found that Young filed his complaint twelve days before the statute of limitations ran on Young's cause of action. Further, Dr. Sherrod had never been served with personal service of process. The circuit court concluded that Dr. Sherrod was not within the circuit court's jurisdiction.
¶ 7. The circuit court also found that Young's 120 day tolling period, within which to serve Dr. Sherrod with a summons and complaint, pursuant to Rule 4(h) of the Mississippi Rules of Civil Procedure, expired on May 31, 2003. Further, Young never received an order that would have extended the period. Having found such, the circuit court determined that the statute of limitations on Young's cause of action began to run on June 1, 2003. Accordingly, Young's cause of action expired on June 13, 2003. Consequently, the circuit *148 court dismissed Young's medical malpractice action against Dr. Sherrod with prejudice.

ANALYSIS
¶ 8. When reviewing a grant of a motion to dismiss, this Court conducts a de novo review. T.M. v. Noblitt, 650 So.2d 1340, 1342 (Miss.1995).
I. WAS THE DEFENDANT CLIDE SHERROD, M.D. EFFECTIVELY SERVED WITH PROCESS IN THIS CAUSE PURSUANT TO THE PROVISIONS OF RULE 4(c)(3)(A) IF THE DEFENDANT IN FACT RECEIVED A COPY OF THE SUMMONS AND COMPLAINT IN THE MAIL WITHIN THE 120 DAY PERIOD EVEN THOUGH HE DID NOT RETURN THE ACKNOWLEDGMENT WITHIN 20 DAYS BUT THEREAFTER BY MOTION AND AFFIDAVIT ACKNOWLEDGED THAT HE RECEIVED THE SUMMONS AND COMPLAINT.
¶ 9. Young attempted to serve Dr. Sherrod with process via U.S. mail. Rule 4(c)(3)(A) of the Mississippi Rules of Civil Procedure allows service of process "by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment. . ." However, if the person being served with process does not return the acknowledgment to the sender within twenty days "after the date of mailing, service of such summons and complaint may be made in any other manner permitted by" Rule 4 of the Mississippi Rules of Civil Procedure. M.R.C.P. 4(c)(3)(B). Rule 4(c)(3)(D) adds that "[t]he notice and acknowledgment of receipt of summons and complaint shall be executed under oath or affirmation."
¶ 10. The circuit court determined that Young never completed service of process on Dr. Sherrod because Dr. Sherrod did not return the acknowledgment of receipt of the summons and complaint within twenty days of April 1, 2003. Though Young cites one issue, he actually makes several points within his argument. However, Young's underlying assertion is that process by mail was sufficient because Dr. Sherrod acknowledged that he received a copy of the summons and complaint.
¶ 11. Young states that Dr. Sherrod's motion to dismiss, filed May 8, 2003, contains Dr. Sherrod's admission of receipt. Further, that Dr. Sherrod, in his June 20, 2003 sworn affidavit, acknowledged receipt of the summons and complaint. Young claims that Dr. Sherrod's admissions amount to sufficient proof of service and acknowledgment of service to satisfy the requirements of M.R.C.P. 4(c)(3)(A) and (D).
¶ 12. We disagree. Our rules regarding service of process are clear. Service by mail on an in-state defendant is complete when the defendant returns the acknowledgment within twenty days. M.R.C.P. 4(c)(3)(A) (emphasis added). When a defendant does not return the acknowledgment within twenty days, a plaintiff may complete service of process by some other means acceptable under Rule 4. M.R.C.P. 4(c)(3)(B) (emphasis added). The rules on service of process are to be strictly construed. Kolikas v. Kolikas, 821 So.2d 874(¶ 16) (Miss. Ct.App.2002) (citing Birindelli v. Egelston, 404 So.2d 322, 323-24 (Miss.1981)).
¶ 13. In a situation involving attempted service of process under M.R.C.P. 4(c)(3), absence of the returned acknowledgment within the twenty-day time frame makes it necessary to serve process by some other means permitted by Rule 4. *149 Failure to serve process by "any other manner" equates to insufficient service of process. If we agree with Young, a plaintiff will be able to complete service of process by mail if a defendant files a motion to dismiss with the knowledge that a plaintiff has transmitted an attempt at process under Rule 4(c)(3)(A). This is not what the Mississippi Rules of Civil Procedure contemplate.
¶ 14. On the twenty-first day after Young mailed the summons and complaint with the acknowledgment, Young was obligated to complete service of process by any other means. M.R.C.P. 4(c)(3)(B). There is no evidence in the record that suggests Young attempted to serve Dr. Sherrod by any other means. There is no affidavit of completion of service of process. Absent proof of service by some other means, we cannot say that the circuit court erred by dismissing Young's cause of action against Dr. Sherrod.
¶ 15. A trial court can acquire jurisdiction over an individual through service of process. Mansour v. Charmax Industries, Inc., 680 So.2d 852, 854 (Miss. 1996). In addition, a trial court can acquire jurisdiction over the person through his appearance. Id. Without either occurrence, the trial court does not have jurisdiction over the person. Id. Here, Young failed to serve process on Dr. Sherrod. Moreover, Dr. Sherrod did not enter an appearance. Dr. Sherrod only acted to dismiss Young's complaint for lack of service of process and, therefore, lack of jurisdiction. The circuit court did not err in granting Dr. Sherrod's motion to dismiss.
¶ 16. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.