ROBERTS, J.,
 

 for the Court.
 

 ¶ 1. After H & G Construction, Inc., filed two construction liens on Tyrone Williams and Sharon Williams’s property, the Williamses filed a complaint in the Hinds County Chancery Court accusing H & G
 
 *963
 
 and Herbert Tucker of slander of title.
 
 [1]
 
 The Williamses attempted to serve H&G and Tucker with service of process. When neither H&G nor Tucker responded, the Williamses obtained a default judgment against both. Having unsuccessfully moved to set aside the default judgments, H&G and Tucker appeal. According to H&G and Tucker, the chancery court did not have personal jurisdiction to enter a default judgment against them because the Williamses failed to properly serve them with process. After careful consideration, we agree. Consequently, we reverse the chancellor’s judgment and remand this matter to the chancery court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. This appeal was set into motion when the Williamses contracted with Tucker and H & G to build a house at lot twenty in the Levon Owens Estate subdivision in Hinds County, Mississippi.
 
 [2]
 
 Tucker and the Williamses present different versions of events, but by any account, there was a dispute regarding the proper construction of the Williamses’ home. By all accounts, on November 3, 2006, H&G filed a notice of construction lien (lien one) for what would have been its final draw of approximately $34,000. Four days later, H&G discovered that the Williamses stopped payment on their check for the previous draw of approximately $50,000. Tucker filed a second notice of construction lien (lien two) for the amount represented in that previous draw.
 

 ¶ 3. On December 14, 2006, the Williamses filed a complaint in the Hinds County Chancery Court. The Williamses sued Tucker and H&G for slander of title and sought to remove the cloud upon their title created by Tucker’s two liens. The primary issue on appeal is whether the Williamses properly served Tucker and/or H&G.
 

 ¶ 4. According to the record, the Williamses twice tried to serve Tucker and H&G. The Williamses’ first attempt was by mail. Although the Williamses’ complaint recognizes that Tucker was H & G’s registered agent for service of process, on January 10, 2007, the Williamses mailed process to the attorney that filed H & G’s construction liens. The record indicates that on the same date, the Williamses sent certified mail to Tucker’s address and H & G’s business address. The record does not indicate that those pieces of certified mail were successfully delivered.
 

 ¶ 5. The Williamses’ second attempt occurred when a Hinds County deputy sheriff attempted to serve Tucker and H&G. On January 17, 2007, that deputy filed two return of service forms.
 
 [3]
 
 There is a handwritten notation on those forms indicating that the deputy “posted” process to H & G’s property and Tucker’s property on January 8, 2006.
 
 [4]
 
 Additionally, the deputy filed documents titled “certificate of service by mailing.” By way of those documents, the deputy indicated that he mailed process to Tucker and H & G on January
 
 *964
 
 8, 2006.
 
 [5]
 

 ¶ 6. The Williamses did not receive a response from Tucker or H & G. On February 12, 2007, the Williamses filed an application for entry of default. Three days later, the chancellor filed a final judgment of default and removed the clouds— Tucker’s construction liens — from the Williamses’ title.
 

 ¶ 7. H & G and Tucker claim that they were first served with process on Sunday, February 25, 2007.
 
 [6]
 
 On March 27, 2007, H & G and Tucker filed a motion to dismiss or, alternatively, an answer and a counterclaim to the Williamses’ complaint. The Williamses did not respond to that motion and alternative pleading. On May 14, 2007, H & G and Tucker filed an application for entry of a default judgment. H & G and Tucker claim that, while attempting to schedule a hearing on the matter, their attorney discovered, for the first time, the existence of the Williamses’ default judgment in the court file.
 

 ¶8. On August 9, 2007, Tucker filed a motion to set aside the chancellor’s default judgment. Apparently, there was a hearing on Tucker’s motion on November 20, 2007, although the record does not contain a transcript of that hearing. In any event, three days later, the chancellor entered an order denying Tucker’s motion to set aside the Williamses’ default judgment. Specifically, the chancellor found as follows:
 

 that service of process on the defendants was proper; that under the circumstances enunciated in argument by counsel relative to their contact with each other on behalf of their respective clients, counsel for [the] plaintiff was entitled to treat K.F. Boackle, Esquire, as counsel for [the] defendants from and after the filing of the Complaint for Slander of Title and for Removal of Cloud Upon Title; that [the] defendants failed to appear, plead, or otherwise defend against the complaint exhibited against them; and that [the] plaintiffs were entitled to the entry of a default judgment against the defendants removing the cloud upon them title in the form of a construction lien filed by [the] defendants.
 

 Aggrieved, Tucker and H & G appeal. The central issue on appeal is whether the Williamses properly served process and, by extension, whether the chancery court acquired personal jurisdiction over H & G or Tucker.
 

 ANALYSIS
 

 I. SERVICE OF PROCESS
 

 ¶ 9. Tucker and H & G claim the chancery court never had personal jurisdiction over them because the Williamses failed to properly serve them with process. “The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process.”
 
 Lexington Ins. Co. v. Buckley,
 
 925 So.2d 859, 865(¶ 25) (Miss.Ct.App.2005). “Service of process is simply the physical means by which personal jurisdiction is asserted.”
 
 Id.
 
 Without proper service of process or the entry of an appearance, a trial court does not have jurisdiction over the person.
 
 Young v. Sherrod,
 
 919 So.2d 145, 149(¶ 15) (Miss.Ct.App.2005) (citing
 
 Mansour v. Charmax Indus., Inc.,
 
 680 So.2d 852, 854 (Miss.1996)).
 
 Id.
 
 If the chancery court lacked personal jurisdiction over H & G and Tucker, then the default judgment is invalid because “no judgment[,] order[,] or decree is valid or bind
 
 *965
 
 ing upon a party who has had no notice of the proceeding against him.”
 
 Buckley,
 
 925 So.2d at 864(¶ 23) (quoting
 
 James v. McMullen,
 
 738 So.2d 358, 359(¶3) (Miss. Ct.App.1999)).
 

 1. Attempted Service by Mail to K.F. Boackle
 

 ¶ 10. The Williamses first attempted to serve H & G and Tucker by mailing process to K.F. Boackle, the attorney that filed H & G and Tucker’s two construction liens. The Mississippi Rules of Civil Procedure provide a mechanism for service of process by mail. M.R.C.P. 4(c)(3). However, service by mail is restricted to two classes of defendants. M.R.C.P. 4(c)(3)(A). To accomplish service in this manner, a plaintiff must mail “a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment.”
 
 Id.
 
 The defendant, either individually or through its agent, must then return the acknowledgment to the plaintiff.
 
 Id.
 
 If the person or entity being served by mail does not return the acknowledgment to the plaintiff within twenty days “after the date of mailing, service of such summons and complaint may be made in any other manner permitted by” Rule 4 M.R.C.P. 4(c)(3)(B).
 

 A. Tucker
 

 ¶ 11. As mentioned, a plaintiff may serve two classes of defendants with process by mail. M.R.C.P. 4(c)(3)(A). Tucker falls under one such class, as he is an “individual other than an unmarried infant or a mentally incompetent person.” M.R.C.P. 4(d)(1). However, the Williamses’ attempt to serve Tucker by mail was insufficient. First and foremost, the Williamses were obligated to mail a summons and complaint to “the person to be served.” M.R.C.P. 4(c)(3)(A). Tucker was “the person to be served” — not Tucker’s attorney.
 

 ¶ 12. In addition, to accomplish service of process by mail, the defendant must return a properly executed acknowledgment to the plaintiff. M.R.C.P. 4(c)(3)(B). Nothing in the record demonstrates that Tucker returned an acknowledgment of service to the Williamses. The rules regarding service of process are to be strictly construed.
 
 Young,
 
 919 So.2d at 148(¶ 12). The Williamses failed to properly serve Tucker -with process by mail. It follows that the chancery court did not acquire personal jurisdiction over Tucker by virtue of the Williamses attempt to serve Tucker by mail.
 

 ¶ 13. The Williamses argue that it was sufficient to serve Boackle because Tucker was avoiding service of process. However, nothing in the record corroborates their claims. While it is true that the Williamses attempted to serve Tucker by mail, as best we can tell, the first attempt to serve process was by mailing to Boackle and later to Tucker individually and in his capacity as H & G’s registered agent for service of process. There is no indication that the Williamses hired a process server or requested that a law enforcement officer try to personally serve Tucker before attempting to serve him by mail. Likewise, there is no indication that such attempts were unsuccessful. Accordingly, we cannot find that Tucker evaded service of process.
 

 B. H&G
 

 ¶ 14. H
 
 &
 
 G is a domestic corporation. Domestic corporations are included among the second class of defendants that may be served with process pursuant to Rule 4(c)(3)(A). M.R.C.P. 4(d)(4). Pursuant to Rule 4(d), which governs the “person to be served,” to serve a domestic corporation, a plaintiff must serve “an offi
 
 *966
 
 cer, a managing or general agent, or ... any other agent authorized by appointment or by law to receive service of process.” M.R.C.P. 4(d)(4). The record contains no evidence that Boackle was an officer, a managing agent, a general agent, a registered agent for service of process, or that Boackle was otherwise authorized to receive service of process on H & G’s behalf. The Williamses acknowledged that Tucker was the person to be served in that they listed Tucker as H & G’s registered agent for service of process.
 

 ¶ 15. Further, as with Tucker, there is no evidence that the Williamses received an acknowledgment of service from anyone on H & G’s behalf. It follows that the chancery court did not acquire personal jurisdiction over H & G as a result of the Williamses’ mailing process to Boackle as H & G’s agent.
 

 2. Attempted Service by Mailing to Tucker
 

 ¶ 16. According to the record, separate from their attempt to serve Tucker by mailing process to Boackle, the Williamses also attempted to serve H & G and Tucker by mailing process to Tucker. However, there is no evidence that either H & G or Tucker returned an acknowledgment to the Williamses. To accomplish service by mail in this manner, a plaintiff must mail “a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment.” M.R.C.P. 4(c)(3)(A). The defendant, either individually or through its agent, must then return the acknowledgment. If the person or entity being served by mail does not return the acknowledgment to the plaintiff within twenty days “after the date of mailing, service of such summons and complaint may be made in any other manner permitted by” Rule 4 M.R.C.P. 4(c)(3)(B). The implication is clear. If an allegedly served defendant does not return an acknowledgment of service by mail, the plaintiff must serve the defendant by some other means. Accordingly, without the acknowledgment, service is incomplete. The record contains no indication that Tucker returned an acknowledgment in his individual capacity or in his capacity as H
 
 &
 
 G’s registered agent for service of process. Accordingly, the circuit court did not acquire personal jurisdiction over Tucker or H & G via service of process by mail.
 

 3. “Posting to the Property”
 

 ¶ 17. A deputy sheriff filed a process server’s return and claimed he served Tucker and H & G by posting process to them respective property. We interpret the deputy sheriffs notation that he “posted” a summons and complaint “to the property” as an indication that the deputy left the summons and complaint at Tucker’s personal physical address and H & G’s physical business address.
 

 A. Tucker
 

 ¶ 18. If, “with reasonable diligence” one cannot deliver process to an individual, other than an “unmarried infant or a mentally incompetent person,” one can serve an individual “by leaving a copy of the summons and complaint at the defendant’s usual place of abode with the defendant’s spouse or some other person of the defendant’s family above the age of sixteen years who is willing to receive service.” M.R.C.P. 4(d)(1)(B). After-wards, a plaintiff must mail “a copy of the summons and complaint (by first-class mail, postage prepaid) to the person to be served at the place where a copy of the summons and complaint were left.”
 
 Id.
 
 Even then, “[sjervice of a summons in this manner is deemed complete on the 10th
 
 *967
 
 day after such mailing.”
 
 Id.
 
 There is no indication that the deputy left the summons with anyone at Tucker’s home, much less such a person that would meet the criteria set forth in Rule 4(d)(1)(B). Additionally, there is no indication that the Williamses fulfilled the second step of Rule 4(d)(1)(B) service by mailing a copy of the summons and complaint to Tucker. Consequently, the chancery court did not acquire personal jurisdiction over Tucker individually by this method of service.
 

 B. H&G
 

 ¶ 19. As for H&G, the only specific method for serving a “domestic corporation” is to deliver “a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.” M.R.C.P. 4(d)(4). “Posting] to the Property” is clearly not an authorized means to serve process upon a corporate entity. Accordingly, the chancery court did not acquire personal jurisdiction over H & G by virtue of the deputy sheriffs attempt to serve process by “posting” it to H & G’s property.
 

 ¶ 20. The Williamses failed to properly serve Tucker and H&G with process on three occasions: (1) when they mailed process to Boackle, (2) when they mailed process to Tucker, and (3) when a deputy sheriff acting on their behalf “posted” process to Tucker’s property and H & G’s property. As previously mentioned, the rules regarding service of process are to be strictly construed.
 
 Young,
 
 919 So.2d at 148(¶ 12). Because the chancery court never had personal jurisdiction over Tucker or H & G, the Williamses’ default judgment is void.
 
 See, Buckley,
 
 925 So.2d at 870(¶ 50).
 

 ¶ 21. Before we conclude, another matter bears discussion. As noted above, the Williamses vigorously argue that Tucker and H&G avoided service of process. The Williamses claim that they were entitled to serve Boackle because Boackle filed H & G’s two construction liens. The Williamses reason that Boackle was representing Tucker and H&G. The Williamses further reason that a plaintiff is entitled to serve a defendant’s attorney when that defendant evades service of process. To demonstrate the fact that Boackle was representing Tucker and H&G, the Williamses draw our attention to what they term a “pile” of correspondence. Additionally, the Williamses particularly point out that, in a portion of that correspondence, Boackle relayed Tucker’s and H & G’s intent to file a counterclaim in the event that the Williamses filed a complaint against them.
 

 ¶ 22. “If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing of such application.” M.R.C.P. 55(b). A Rule 55(b) appearance is not the equivalent of an appearance that could confer personal jurisdiction to a trial court.
 
 See, e.g., Holmes v. Holmes,
 
 628 So.2d 1361, 1363-64 (Miss.1993) (citing
 
 H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,
 
 432 F.2d 689 (D.C.Cir.1970) (holding that a defendant was due notice where a trial court was informed that during settlement negotiations, correspondence between attorneys indicated that the defendants intended to defend the suit)).
 

 ¶ 23. In the matter presently before us, correspondence between attorneys reveals that Boackle relayed Tucker’s and H & G’s intent to file a counterclaim if the Williamses filed their complaint. A statement that one will file a counterclaim is obviously a statement indicative of intent
 
 *968
 
 to defend a claim. Consequently, the Williamses were obligated to provide Tucker and H & G’s attorney three days’ notice of the hearing on their application for default judgment. Nothing in the record demonstrates that the Williamses fulfilled their obligation.
 

 ¶24. In
 
 Holmes,
 
 the Mississippi Supreme Court was imminently clear when it stated, “[w]e refuse to condone such behavior.”
 
 Holmes,
 
 628 So.2d at 1365. The Mississippi Supreme Court reversed the trial court’s judgment and remanded the matter to the trial court.
 
 Id.
 
 Because we reverse the chancellor for lack of personal jurisdiction, it is unnecessary to reverse due to the Williamses’ failure to provide adequate notice of the default hearing. In any event, we reverse and render the chancellor’s judgment refusing to set aside the default judgment and remand this matter for further proceedings consistent with this opinion.
 

 ¶ 25. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS REVERSED AND RENDERED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.
 

 [1]
 

 . Tucker is the president of H & G.
 

 [2]
 

 . Tucker is a Mississippi resident, and H&G is a domestic corporation headquartered in Mississippi.
 

 [3]
 

 . The deputy signed the back of the document and included the following handwritten notation: "[p]osted to the [pjroperty 8 January 2006[.]” There is a signature on a stamped signature line. The rank and first name of the deputy are clearly "Lt. Robert," but the deputy’s last name is illegible.
 

 [4]
 

 .The January 2006 date appears to be a scrivener's error, as the Williamses filed their complaint in December 2006.
 

 [5]
 

 . Again, die 2006 date appears to be another scrivener’s error by the same deputy.
 

 [6]
 

 . Tucker and H & G do not specify how they were served, and there is no documentation in the record to clarify their claim.