# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01539-COA

BRENT RYAN                                                   APPELLANT

v.

LOWNDES COUNTY ADULT DETENTION                        APPELLEES
CENTER, SHERIFF MIKE ARLEDGE, CHIEF
DEPUTY MARK MILEY, CAPTAIN RICK
JONES, CAPTAIN RYAN RICKERT, LT. BARRY
STANFORD, SGT. ERIC GIRANDERSON, SGT.
SUAMEKA CUNNINGHAM, OFFICER MONICA
TATE, OFFICER DAVID TATE, R-3 CANDY
DAVIS AND R-2 KAREN STANFORD, ANY
UNNAMED INDIVIDUALS OR THEIR
SUCCESSORS IN OFFICE IN THEIR OFFICIAL
CAPACITY

| | |
|---|---|
| DATE OF JUDGMENT: | 11/29/2016 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BRENT RYAN (PRO SE) |
| ATTORNEYS FOR APPELLEES: | DANIEL JUDSON GRIFFITH |
| | MARY MCKAY LASKER |
| | CHRISTOPHER NICKLAUS BAILEY |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 05/22/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND WILSON, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1. Brent Ryan appeals the dismissal, without prejudice, of his "Petition for Judicial Review on Administrative Remedies" by the Lowndes County Circuit Court for failure to execute service of process within 120 days. Finding no error, we affirm.

FACTS

¶2.     On August 15, 2014, Ryan was arrested and indicted on one count of felony fleeing and one count of aggravated domestic assault.  At trial, Ryan was convicted and sentenced as a habitual offender to serve twenty-five years in the custody of the Mississippi Department of Corrections.  Apparently, Ryan was incarcerated in the Lowndes County Adult Detention Center (LCADC).  On January 27, 2016, Ryan, acting pro se, filed his "Petition for Judicial Review on Administrative Remedies," in which he alleged that the LCADC "[did] not have an established procedure for collateral review of grievances in accordance with state statutes § 47-5-801 through § 47-5-807."  Ryan maintains that his constitutional rights to due process, equal protection, and his right to counsel were violated while he was detained at the LCADC. On November 30, 2016, the Circuit Court of Lowndes County dismissed Ryan's petition without prejudice on the basis that he had failed to execute service of process within 120 days from the filing of his complaint.  Ryan now appeals.[1]

DISCUSSION

¶3.     "Service of process is simply the physical means by which personal jurisdiction is asserted."  *Tucker v. Williams*, 7 So. 3d 961, 964 (¶9) (Miss. Ct. App. 2009).  "Without proper service of process or the entry of an appearance, a trial court does not have jurisdiction over the person."  *Id*.

¶4.     Rule 4(h) of the Mississippi Rules of Civil Procedure provides:

    If a service of the summons and complaint is not made upon a defendant

---

[1] Ryan's "Intent to Appeal" was file-stamped as received on January 1, 2017.  We deem it timely due to the holidays.

within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show *good cause* why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

M.R.C.P. 4(h) (emphasis added). "The plaintiff bears the burden to demonstrate good cause for a failure to serve process in a timely manner." *Copiah Cty. Sch. Dist. v. Buckner*, 61 So. 3d 162, 166 (¶14) (Miss. 2011). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, 'as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Id*.

¶5.     "A trial court's finding of fact on the existence of good cause for the delay in service of process has been deemed a discretionary ruling and entitled to deferential review." *Collins v. Westbrook*, 184 So. 3d 922, 929 (¶16) (Miss. 2016) (internal quotation mark omitted). "When reviewing fact-based findings, [an appellate court] examines whether the trial court abused its discretion and whether there was substantial evidence supporting the determination." *Id*. (internal quotation mark omitted).

¶6.     First, we note that Ryan has failed to present any argument demonstrating why the trial court erred in dismissing his lawsuit for failing to effect service on the appellees. His only argument is that "he did indeed notify all interested parties of the petition, gave a true and correct copy of such, and wrote letters requesting an answer." However, such acts do not comply with Rule 4 of the Mississippi Rules of Civil Procedure. The docket does not reflect that Ryan ever properly served process, or that he even attempted to do so. Ryan attached as an exhibit to his appellate brief a letter from the attorneys representing the "Board

3

of Supervisors," informing Ryan that the board was never served with process on any lawsuit filed by Ryan. Ryan did not show good cause in the trial court for his failure to serve process and has not presented any here. Thus, we affirm the dismissal of his petition without prejudice.

¶7. **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**