# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00655-COA

**TIMOTHY MCCOY**                                                              **APPELLANT**

**v.**

**DIRECT EXPRESS, ANTHONY MCCOY AND**                         **APPELLEES**
**KIM HAVARD**

DATE OF JUDGMENT:                        03/10/2017
TRIAL JUDGE:                                   HON. WILLIAM E. CHAPMAN III
COURT FROM WHICH APPEALED:   RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          TIMOTHY ALLEN MCCOY (PRO SE)
ATTORNEY FOR APPELLEES:           NO APPEARANCE
NATURE OF THE CASE:                    CIVIL - TORTS-OTHER THAN PERSONAL
                                                         INJURY & PROPERTY DAMAGE
DISPOSITION:                                 AFFIRMED: 06/19/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., WILSON AND TINDELL, JJ.**

**TINDELL, J., FOR THE COURT:**

¶1.     Timothy McCoy (McCoy) appeals the Rankin County Circuit Court's dismissal of his

complaint against Direct Express, Anthony McCoy, and Kim Havard (collectively, the

Defendants). McCoy argues the circuit court erred by finding that he failed to perfect service

of process on any of the Defendants within 120 days of filing his complaint. *See* M.R.C.P.

4(h). Finding no error, we affirm.

## FACTS

¶2.     On September 27, 2016, McCoy filed a pro se complaint against the Defendants.

McCoy alleged that Anthony and Havard fraudulently used his Direct Express debit card to

steal over $6,000 from his bank account and that Direct Express allowed Anthony and Havard to commit the unauthorized withdrawals. On February 1, 2017, the circuit court entered an order finding that McCoy had failed to serve a summons and copy of the complaint on any of the Defendants within 120 days of filing his complaint. *See id.* The circuit court gave McCoy thirty days to show good cause for his failure to effect service. *See id.* On February 16, 2017, McCoy responded to the circuit court's order. McCoy asserted that, on October 20, 2016, he mailed the following documents to each Defendant at the Defendant's last known address: (1) a notice, (2) the complaint, and (3) a summons. McCoy attached copies of these documents to his response. According to McCoy's information, Havard resided in Mississippi while both Anthony and Direct Express were located out of state.

¶3. On March 10, 2017, the circuit court entered a judgment finding that McCoy had failed to show good cause for his failure to timely serve the Defendants. The circuit court therefore dismissed McCoy's complaint under Rule 4(h). McCoy filed an unsuccessful motion for reconsideration. Aggrieved, McCoy appeals the circuit court's judgment dismissing his complaint.

**DISCUSSION**

¶4. Under Rule 4(h), a plaintiff has 120 days after filing his complaint to perfect service of process on a defendant. Where a plaintiff fails to perfect service within the 120-day period and fails to show good cause for the untimely service, Rule 4(h) directs the court to dismiss the plaintiff's complaint without prejudice. In the present case, McCoy argues the

2

circuit court erroneously dismissed his complaint because he timely effected service of process on each Defendant.

¶5.     McCoy attempted to serve the Defendants by mailing process to their last known addresses. Mississippi Rule of Civil Procedure 4(c)(3) provides a mechanism for service of process by mail. To perfect service under Rule 4(c)(3), a plaintiff must mail "a copy of the summons and . . . the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment . . . ." "The defendant, either individually or through its agent, must then return the acknowledgment to the plaintiff." *Tucker v. Williams*, 7 So. 3d 961, 965 (¶10) (Miss. Ct. App. 2009) (citing M.R.C.P. 4(c)(3)(A)). Where the person or entity being served by mail fails to return the acknowledgment to the plaintiff "within 20 days after the date of mailing, service of such summons and complaint may be made in any other manner permitted by [Rule 4]." M.R.C.P. 4(c)(3)(B).

¶6.     Here, McCoy mailed each Defendant a copy of the notice, the summons, and the complaint. However, Rule 4(c)(3) required McCoy to mail two copies of the notice to each Defendant. The rule further required McCoy to mail two copies of an acknowledgment to each Defendant. *See* M.R.C.P. 4(c)(3). The record contains no proof, though, that McCoy ever mailed the Defendants an acknowledgment, and McCoy never asserts that he did so. As a result, McCoy never received the acknowledgment back from any of the Defendants "within 20 days after the date of mailing," which is the final required step for perfection of service by mail. M.R.C.P. 4(c)(3)(B). Thus, McCoy never perfected service of process on

the Defendants by mail under Rule 4(c)(3).

¶7. Despite this failed attempt to mail process, McCoy remained free to make other attempts to serve process on the Defendants within the 120-day time period in any manner permitted by Rule 4. However, McCoy's unsuccessful mailing of process constituted his one and only attempt to serve the Defendants. We therefore find no error in the circuit court's determination that McCoy failed to timely serve the Defendants or to show good cause for not doing so. Accordingly, we affirm the circuit court's dismissal of McCoy's complaint.

## CONCLUSION

¶8. Because McCoy failed to properly serve the Defendants under Rule 4, we affirm the circuit court's judgment dismissing his complaint.

¶9. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**