LEE, C.J.,
for the Court:
PROCEDURAL HISTORY AND FACTS
¶ 1. Arthur Gerald Hudson and Linda S. Hudson (collectively Hudson) initiated the underlying action following an injury to Arthur allegedly caused by an employee of Lowe’s Home Center Inc. (Lowe’s) in Pas-cagoula, Mississippi, on May 5, 2006. Hudson did not immediately file suit. Rather, Hudson’s counsel, Chuck McRae, and Lowe’s counsel, Ken Adcock, began settlement negotiations. As the three-year statute of limitations was set to expire on May 5, 2009, McRae and Adcock entered three separate agreements to toll the statute, thereby extending the time to file suit to July 31, 2009.
¶ 2. On July 27, 2009, Hudson filed a complaint in the Jackson County Circuit Court against Lowe’s. Court records show that on August 3, 2009, the circuit clerk issued a summons addressed to Lowe’s registered agent for service of process, Corporation Service Company (CSC), at its address. Adcock was not listed as a registered agent for service of process. McRae asserts that on August 6, 2009, he attempted to serve a copy of the summons and complaint on Adcock at Adcock’s law office. In the proof of service, which was not notarized until November 2, 2010, McRae admittedly left the summons and complaint at Adcock’s law office “on the [right] side of door.”
¶ 3. The statute of limitations resumed on November 24, 2009, but expired four *1095 days later on November 28, 2009. On January 20, 2010, Lowe’s registered agent, CSC, was personally served with a copy of the summons and complaint. On February 10, 2010, Lowe’s filed an answer alleging that Hudson’s claims were barred by the statute of limitations. Lowe’s also filed a motion to dismiss. On November 15, 2010, the trial court granted Lowe’s motion to dismiss, finding that Adcock was not the registered agent for Lowe’s and that there was not good cause for Hudson’s failure to serve process timely.
¶ 4. On appeal, Hudson contends Lowe’s admitted that Adcock could be served with process and that good cause existed for the failure to serve process timely. Finding no error, we affirm.
DISCUSSION
I. SERVICE OF PROCESS
¶ 5. Hudson contends the trial court erred in granting Lowe’s motion to dismiss because service of process was proper based upon Lowe’s admission in its answer to the complaint. We first note our standard of review in reviewing a trial court’s grant or denial of a motion to dismiss is de novo. Lucas v. Baptist Mem’l Hosp. — N. Miss., Inc., 997 So.2d 226, 229 (¶ 5) (Miss.Ct.App.2008).
¶ 6. According to Rule 4(d)(4) of the Mississippi Rules of Civil Procedure, service of process upon a corporation is accomplished “by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.” The record contains no evidence Adcock was an officer, a managing agent, a general agent, a registered agent for service of process, or was otherwise authorized to receive service of process on Lowe’s behalf.
¶ 7. In Tucker v. Williams, 7 So.3d 961, 966 (¶ 14) (Miss.Ct.App.2009), this Court found it was not proper for Tyrone and Sharon Williams to serve process on Herbert Tucker’s attorney as there was no evidence this attorney was the proper person to be served pursuant to Rule 4(d)(4). In fact, the Williamses did acknowledge this because they had listed Tucker as the registered agent for service of process. Id. Similarly, Hudson knew CSC was the registered agent for Lowe’s according to the summons issued on August 3, 2009.
¶ 8. Hudson contends Lowe’s admission in its answer to the complaint proves Ad-cock could be served with process. Paragraph 1(c) in Hudson’s complaint lists CSC as the registered agent for service of process. The second sentence states Adcock may also be served with process. In Lowe’s answer, which was well after service of process had been attempted on Adcock, it states that the “[defendant admits the allegations of paragraph number 1(c).” However, given this answer was filed well after the statute of limitations had expired, we fail to see how Hudson can rely on this statement to advance his cause, especially since Hudson was aware CSC was the registered agent when the complaint was filed on July 27, 2009.
¶ 9. Even if we were to find Adcock was authorized to receive service on Lowe’s behalf, the method of service upon Adcock was impermissible. In his proof of service, which was not filed until November 3, 2010, McRae admittedly left the summons and complaint at Adcock’s office “by placing it, at noon, on the [right] side of door.” However, “ ‘posting to the property is clearly not an authorized means to serve process on a corporate entity.” Id. at 967 (¶ 19). This issue is without merit.
II. EXISTENCE OF GOOD CAUSE
¶ 10. Hudson also argues that the settlement negotiations and discovery *1096 should be considered good cause for Hudson’s failure to serve process timely. Rule 4(h) of the Mississippi Rules of Civil Procedure states ■ a party must show good cause why service of process was not made within 120 days of filing the complaint. We review a trial court’s determination of whether good cause existed under our familiar abuse-of-discretion standard. Stutts v. Miller, 37 So.3d 1, 3 (¶ 7) (Miss.2010).
¶ 11. The trial court found Hudson failed to establish good cause, and we can find no abuse of discretion. The Mississippi Supreme Court has determined that “good faith negotiations do not constitute good cause for failure to effect timely service of process under [Rule] 4(h).” Holmes v. Coast Transit Autk, 815 So.2d 1183, 1186-87 (¶ 14) (Miss.2002). Furthermore, “good cause can never be demonstrated where the plaintiff has not been diligent in attempting to serve process.” Montgomery v. SmithKline Beecham Corp., 910 So.2d 541, 545 (¶ 13) (Miss.2005) (citation omitted). Hudson knew Lowe’s registered agent was CSC and had summons issued to CSC, but attempted to serve Adcock. And Hudson failed to serve Adcock properly. This issue is without merit.
¶ 12. We note the trial court dismissed this case with prejudice. However, pursuant to Rule 4(h), a dismissal without prejudice was appropriate regardless of the statute of limitations. See Watters v. Stripling, 675 So.2d 1242, 1244 (Miss.1996). For these reasons the trial court’s judgment granting Lowe’s motion to dismiss is affirmed, but it is modified to dismissal without prejudice.
¶ 13. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT IS AFFIRMED AS MODIFIED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
IRVING AND GRIFFIS, P.JJ.,
ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. BARNES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY RUSSELL, J. FAIR, J., NOT PARTICIPATING.