# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01004-COA

ARTHUR GERALD HUDSON AND LINDA S.            APPELLANTS
HUDSON

v.

LOWE'S HOME CENTERS, INC.                            APPELLEE


| | |
|---|---|
| DATE OF JUDGMENT: | 05/15/2014 |
| TRIAL JUDGE: | HON. DALE HARKEY |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | CHUCK MCRAE |
| ATTORNEYS FOR APPELLEE: | JAMES H. HEIDELBERG |
| | JESSICA MARIE DUPONT |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | GRANTED MOTION FOR SUMMARY JUDGMENT AND IMPOSED SANCTIONS |
| DISPOSITION: | AFFIRMED - 12/16/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND JAMES, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.     In 2009, Arthur and Linda Hudson (collectively Hudson) filed a personal-injury suit in the Jackson County Circuit Court against Lowe's Home Centers Inc. (Lowe's).  The suit was originally dismissed with prejudice by the circuit court and appealed to this Court.  We modified the dismissal to reflect one without prejudice.  Hudson then refiled a second, identical complaint.  However, Lowe's submitted a motion for summary judgment claiming the statute of limitations ran before Hudson filed the second complaint.  The circuit court agreed and granted the motion.  It also imposed sanctions against Hudson's attorney, Chuck

McRae, in the form of reasonable attorney's fees. Aggrieved, Hudson now appeals.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

¶2. In *Hudson v. Lowe's Home Centers Inc.*, 98 So. 3d 1093, 1094-95 (¶¶1-4) (Miss. Ct. App. 2012), this Court previously addressed the facts and procedural history of this case. That opinion provides the following:

> Arthur . . . and Linda Hudson . . . initiated the underlying action following an injury to Arthur allegedly caused by an employee of Lowe's . . . in Pascagoula, Mississippi, on May 5, 2006. Hudson did not immediately file suit. Rather, Hudson's counsel, Chuck McRae, and Lowe's counsel, Ken Adcock, began settlement negotiations. As the three-year statute of limitations was set to expire on May 5, 2009, McRae and Adcock entered three separate agreements to toll the statute, thereby extending the time to file suit to July 31, 2009.

> On July 27, 2009, Hudson filed a complaint in the Jackson County Circuit Court against Lowe's. Court records show that on August 3, 2009, the circuit clerk issued a summons addressed to Lowe's registered agent for service of process, Corporation Service Company (CSC), at its address. Adcock was not listed as a registered agent for service of process. McRae asserts that on August 6, 2009, he attempted to serve a copy of the summons and complaint on Adcock at Adcock's law office. In the proof of service, which was not notarized until November 2, 2010, McRae admittedly left the summons and complaint at Adcock's law office "on the [right] side of door."

> The statute of limitations resumed on November 24, 2009, but expired four days later on November 28, 2009. On January 20, 2010, Lowe's registered agent, CSC, was personally served with a copy of the summons and complaint. On February 10, 2010, Lowe's filed an answer alleging that Hudson's claims were barred by the statute of limitations. Lowe's also filed a motion to dismiss. On November 15, 2010, the trial court granted Lowe's motion to dismiss, finding that Adcock was not the registered agent for Lowe's and that there was not good cause for Hudson's failure to serve process timely.

> On appeal, Hudson contends Lowe's admitted that Adcock could be served with process and that good cause existed for the failure to serve process timely.

*Id.*

2

¶3.     In *Lowe's*, this Court affirmed the circuit court's judgment, finding that Adcock was not authorized to receive service, making the service of process on Adcock improper, and Hudson failed to establish good cause for the failure to complete service of process. *Id*. at 1095-96 (¶¶8-9, 11). However, we also found that, pursuant to Mississippi Rule of Civil Procedure 4(h), the circuit court improperly dismissed the case with prejudice. *Id*. at 1096 (¶12). As such, we modified the circuit court's judgment to reflect a dismissal without prejudice, "regardless of the statute of limitations." *Id*. Soon thereafter, Hudson filed for a rehearing and a writ of certiorari. The Mississippi Supreme Court denied the writ of certiorari on October 11, 2012.

¶4.     On October 15, 2012, Hudson filed a new complaint raising the same issues. An amended complaint was filed on January 18, 2013. Subsequently, Lowe's filed a motion for summary judgment, arguing that Hudson's claims were barred by the statute of limitations. In response, Hudson asserted that this Court's modification of the dismissal to one without prejudice preserved four days on the statute of limitations. A hearing on the motion was set for March 15, 2013.

¶5.     During the hearing, Lowe's counsel, James Heidelberg, argued that the statute of limitations for the case had expired, at the very latest, on November 28, 2009. Heidelberg stated:

> The lawsuit was filed on July 27th, 2009. Process was issued by the clerk on August 3rd, 2009[,] for the only agent of service of process, CSS. That process was not served on them until January [] 20th, 2010, which is 176 days after the lawsuit was filed and 56 days after the 120-day period has expired for service of process. The rules, the statutes, [and] the caselaw say[] that when you do not serve process within 120 days, then the statute of limitations, by operation of law, begins running. It began running 120 days after July the

3

27th. Process was not served until 56 days after that time, so the case is time-barred.

Heidelberg further asserted that the filing of the second lawsuit was unjustifiable and that sanctions were appropriate.

¶6.	McRae countered that the three agreements submitted in the first case extended the time to file to July 31, 2009, four days after the date he filed the lawsuit. He claimed that this Court's modification of the circuit court's judgment to a dismissal without prejudice allowed another lawsuit to be filed for up to four days from the final adjudication of the matter — not four days after the 120-day period expired for serving process. Accordingly, McRae argued that since the appeal was finalized on October 11, 2012, following the supreme court's denial of the writ of certiorari, the filing of the second lawsuit on October 15, 2012, four days later, was proper. With regard to Lowe's request for sanctions, McRae insisted that the circuit court could not consider the request since Heidelberg raised the issue for the first time during the hearing.

¶7.	The circuit court considered both parties' arguments and read Heidelberg's motion for sanctions into the record. The circuit court then noted that it possessed the authority to raise the issue of sanctions sua sponte, regardless of Heidelberg's request. Written briefs summarizing each party's respective position on the issue of sanctions, and an itemization of the sanctions requested, were then ordered and later submitted by the parties. On May 13, 2013, the circuit court granted the motion for summary judgment filed by Lowe's, finding that the statute of limitations on Hudson's claims had expired on November 28, 2009. Hence, the case was time-barred.

4

¶8. In a separate order also dated May 13, 2013, the circuit court found that a prima facie case existed for the imposition of sanctions pursuant to Rule 11. McRae was given thirty days to schedule a hearing regarding the matter. McRae failed to schedule a hearing. As such, the circuit court assessed $4,946.46 in sanctions against McRae — the amount itemized by Heidelberg in his brief to the court. Aggrieved, Hudson now appeals the circuit court's grant of summary judgment in favor of Lowe's and the imposition of sanctions against McRae.

## DISCUSSION

### I. Summary Judgment and Statute of Limitations

¶9. The supreme court has held that an appellate court "reviews a trial court's grant or denial of a motion for summary judgment or a motion to dismiss under a [de novo] standard." *Copiah Cnty. v. Oliver*, 51 So. 3d 205, 207 (¶7) (Miss. 2011) (citation omitted). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Palmer v. Anderson Infirmary Benevolent Ass'n*, 656 So. 2d 790, 794 (Miss. 1995) (quoting M.R.C.P. 56(c)).

¶10. Hudson argues that the circuit court erred in granting summary judgment to Lowe's because the refiling of Hudson's second complaint four days after the date of the final judgment on appeal, October 11, 2012, was not barred by the statute of limitations. Hudson asserts that the filing of the initial complaint in July 2009 tolled the statute of limitations for the entirety of the case's adjudication, not just the 120-day-service-of-process window.

5

Accordingly, he asserts that the filing of a second lawsuit within four days from the entry of the supreme court's order denying the writ of certiorari was timely.

¶11.    Lowe's, however, argues that the statute of limitations was tolled only during the 120-day window for service of process, not during the entirety of the appellate adjudication, and that the statute of limitations had run well before the second filing, regardless of this Court's modification of the circuit court's judgment to a dismissal without prejudice. Lowe's contends that while the circuit court's dismissal with prejudice was ultimately overturned, there was no remaining time on the statute of limitations within which Hudson could have refiled the complaint. Since the initial complaint was filed on July 27, 2009, four days before the statute of limitations was set to run, Hudson had until November 24, 2009, 120 days later, to serve Lowe's under Rule 4(h). Lowe's argues that the statute of limitations was tolled only during this 120-day period, but resumed on November 24, 2009, and expired four days later on November 28, 2009 — a fact noted by this Court in the prior appeal of this case. *Lowe's*, 98 So. 3d at 1094-95 (¶3).

¶12.    In support of this argument, Lowe's cites to *Watters v. Stripling*, 675 So. 2d 1242 (Miss. 1996). In *Watters*, the supreme court addressed the question of whether the filing of a complaint tolls the statute of limitations until the 120-day window for service of process has expired or until after the case has been adjudicated. *Id*. at 1244. The supreme court ultimately found that filing a complaint tolls the statute of limitations only for the 120-day service period provided in Rule 4(h), and the clock begins to run again at the end of the 120 days. *Id*. at 1244; *see also Holmes v. Coast Transit Authority*, 815 So. 2d 1183, 1185 (¶7) (Miss. 2002); *Whitten v. Whitten*, 956 So. 2d 1093, 1096 (¶¶12-13) (Miss Ct. App 2007).

6

¶13.   It should be noted that McRae dissented in the *Watters* opinion while serving as a supreme court justice.  In that dissent, he argued the following regarding this issue:

> Only after the action is dismissed for failure to serve process within 120 days should the time remaining under the statute of limitations begin to run once again.  Otherwise, this Court is encouraging defendants who have actually been served later than 120 days after the complaint was filed to intentionally delay in moving to dismiss the complaint until expiration of the applicable statute of limitations.
>
> . . . .
>
> Tolling the statute of limitations until the court actually enters the dismissal pursuant to the Rules would have allowed the [appellants] several more days within which to refile their complaint within the statutory period.  Since Rule 4(h) is at the very least ambiguous, as it does not particularly address the issue presented by the case at hand, it should be construed in favor of the preservation of the [appellants'] cause of action.

*Watters*, 675 So. 2d at 1244-45 (McRae, J., dissenting).  Nonetheless, the majority in *Watters* followed the practice of many federal courts nationwide in holding that "the filing of an action tolls the statute of limitations until the expiration of the 120-day service period." *Id*. at 1244 (majority opinion).  In other words, "[t]he fact that dismissal may work to preclude [an] action because of the running of the statute of limitations is of no consequence. . . . [D]ismissal [remains] proper." *Id*.

¶14.   Recently, the supreme court reiterated its holding in *Watters* in the case of *Lewis Entertainment Inc. v. Brady*, 142 So. 3d 396, 398-401 (¶7-13) (Miss. 2014).  There, the supreme court noted the *Watters* case and stated that when proper service of process is not made, a plaintiff must refile a complaint before the statute of limitations has run in order to escape dismissal. *Id*. at 399 (¶8).  Furthermore, the supreme court emphasized that the burden is on the plaintiff to determine the proper entity to be served and to ensure that the

7

entity is served correctly. *Id*. at 399-401 (¶¶10, 12).

¶15. Here, it is evident that the 120-day period within which service of process was to be made ended on November 24, 2009. Proper service of process was not made until January 10, 2010. Hence, as we held in the previous appeal, dismissal without prejudice was proper regardless of the statute of limitations. However, based on *Watters* and *Lewis*, the three-year statute of limitations had run four days after the 120-day period expired, which was November 28, 2009. Accordingly, the refiling of the action on October 15, 2012, was done well past the expiration of the statute of limitations. Therefore, we find that the circuit court properly granted the motion for summary judgment filed by Lowe's since the action was time-barred.

¶16. Hudson also argues that notions of equity dictate that he should be allowed to continue with the litigation. In raising this issue, Hudson again asserts that Adcock's representation as counsel for Lowe's and the admission by Lowe's that Adcock was its agent prompted reliance that service of process on Adcock would be proper. As such, Hudson contends that the doctrine of equitable estoppel is applicable. Since we have previously determined that Hudson was not justified in attempting to serve Adcock and good cause did not exist to excuse Hudson's failure to properly serve Lowe's, we decline to address this issue again. *Lowe's*, 98 So. 3d at 1095-96 (¶¶5-12). These issues are without merit.

## II. Sanctions

¶17. We next analyze whether the circuit court's imposition of sanctions against McRae was proper. McRae argues that sanctions were improper because the filing of the complaint was not frivolous or filed for the purpose of harassment. Further, McRae contends that the

8

circuit court improperly considered Lowe's motion for sanctions.

¶18.    Mississippi Rule of Civil Procedure 11 states the following with regard to the signing of pleadings and sanctions:

> The signature of an attorney constitutes a certificate that the attorney has read the pleading or motion; that to the best of the attorney's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. . . . If any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay, the court may order such a party, or his attorney, or both, to pay to the opposite party or parties the reasonable expenses incurred by such other parties and by their attorneys, including reasonable attorney's fees.

M.R.C.P. 11(a)-(b).   Furthermore, the comments to Rule 11 state that "[g]ood faith and professional responsibility are the bases of Rule 11," and the provision allowing a court to order reasonable attorney's fees "is intended to ensure that the trial court has sufficient power to deal forcefully and effectively with parties or attorneys who may misuse the liberal, notice pleadings system . . . ."  M.R.C.P. 11 cmt.  Mississippi Code Annotated section 11-55-7 (Supp. 2014) also provides factors the circuit court should consider when imposing attorney's fees.  However, section 11-55-7 also states that "[i]n determining the amount of an award of costs or attorney's fees, the court shall exercise its sound discretion."

¶19.    In support of his challenge against the imposition of sanctions, McRae cites to *Nationwide Mutual Insurance Co. v. Evans*, 553 So. 2d 1117, 1122 (Miss. 1989), which provided that "Rule 11 sanctions should never be imposed until the trial court has heard fully the evidence and law which the party to be sanctioned says will negate a finding of frivolousness."  Further, McRae argues that the circuit court failed to provide compelling justification for its decision.  Lastly, McRae contends that "[t]hough a case may be weak or

9

light[-]headed, this is not sufficient to label it as frivolous." *Leaf River Forest Prods. Inc. v. Deakle*, 661 So. 2d 188, 195 (Miss. 1995).

¶20.    Lowe's argues that the second complaint filed by McRae was frivolous since it had no hope of success.  Lowe's maintains that it was evident far before the refiling of the suit that Hudson's claims were barred by the statute of limitations, and even noted as such by this Court in the first appeal.  Therefore, Lowe's asserts that McRae's decision to refile an identical lawsuit made it unquestionably frivolous.  Lowe's claims that the circuit court's decision to act on its own initiative in considering sanctions during the hearing on the motion for summary judgment was permissible and McRae was given ample opportunity to present evidence on the matter in his brief and by hearing.

¶21.    We reiterate that sanctioning an award of attorney's fees is within the circuit court's discretion.  *See* M.R.C.P. 11; Miss. Code Ann. § 11-55-7; *Tricon Metals & Servs. Inc. v. Topp*, 537 So. 2d 1331, 1335 (Miss. 1989).  "Rule 11 . . . vests in our trial courts discretionary authority to impose sanctions upon parties or attorneys. Where the trial court has employed the correct legal standards, we may reverse only where we find an abuse of discretion." *Nationwide*, 553 So. 2d at 1119 (citations omitted).

¶22.    Here, the circuit court granted the parties an opportunity to be heard by way of briefs and a hearing.  Specifically, the circuit court stated:

> Plaintiff's counsel has raised general objections to the reasonableness of the itemization and claims a denial of his right to question same.  For these reasons, and to allow Plaintiff's counsel an opportunity to address the factors set forth under Miss. Code Ann. §11-55-7, Plaintiff's counsel shall notice this matter for hearing on a mutually convenient date to be set within 30 days hereof.  Failure to schedule this hearing will result in the [c]ourt proceeding to consider sanctions without further notice to the parties.

Briefs were submitted, but McRae failed to schedule a hearing on the matter. In its order, the circuit court noted that McRae filed a notice of appeal with the supreme court as opposed to scheduling a hearing with the circuit court. Regardless, McRae cannot now scold the circuit court for not following the proper procedures in allowing his case to be heard regarding sanctions. The circuit court gave each party ample opportunity to present evidence and arguments regarding their cases for and against the imposition of sanctions.

¶23. After reviewing each party's brief, the circuit court ruled as follows:

> The existence of the uncontradicted and previously adjudicated facts necessary to determine whether the statute of limitations period had expired were [sic] clearly available to Plaintiffs and their counsel. Further, there was no attempt to establish a novel theory of law in regard to the application of the law of limitations of actions to the facts of this case made known to the [c]ourt at the time of filing the successive [c]omplaint. And finally, there appears no effort was made to re-evaluate the claim of Plaintiffs in light of the clearly established law of this [s]tate in regard to the running or tolling of the statute of limitations. This invalid claim should have been withdrawn. Further, there does not appear to be any active involvement in these proceedings on behalf of the individual [p]laintiffs themselves, and there is no basis for finding [p]laintiffs to be the cause of any delay in the proceedings. The imposition of attorney's fees should be allocated in full against the attorney for [p]laintiffs, Chuck McRae.

¶24. As discussed above, we find the law to be clear that the statute of limitations is only tolled for the 120-day-service-of-process period, and begins to run again at the end of that period. Accordingly, it was evident when the second suit was filed, over two years after the expiration of the statute of limitations, that it was time-barred. The circuit judge in question was vested with the proper authority to raise and impose sanctions, including the assessment of attorney's fees. This case was before the circuit judge in question for the entirety of the case's adjudication — three years. Having seen the case unfold, the circuit judge was in the

11

best position to determine that sanctions against McRae were proper. Having reviewed the record and applicable caselaw, a reversal of the circuit court's judgment for sanctions is not warranted. We cannot find that the circuit court abused its discretion. This issue is without merit.

¶25. Finally, Lowe's argues that further sanctions should be ordered for the present appeal. Lowe's cites to the factually similar case of *Davis v. Biloxi Public School District*, 110 So. 3d 321 (Miss. Ct. App. 2011), where this Court imposed additional sanctions for a frivolous appeal. Lowe's is correct in its assertions that we possess the right to impose sanctions for an appeal. *Id*. at 327 (¶18) (citations omitted). Nonetheless, we find this case does not rise to a level warranting double sanctions.

¶26. **THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., BARNES, ROBERTS, AND FAIR, JJ., CONCUR. GRIFFIS, P.J., AND MAXWELL, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. IRVING, P.J., AND CARLTON, J., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**