# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-01347-COA

**JESSE SANDLIN**                                                                    **APPELLANT**

**v.**

**STATE FARM MUTUAL AUTOMOBILE**                              **APPELLEE**
**INSURANCE COMPANY**

DATE OF JUDGMENT:                    07/06/2023
TRIAL JUDGE:                              HON. GERALD W. CHATHAM SR.
COURT FROM WHICH APPEALED:  DESOTO COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        JESSE SANDLIN (PRO SE)
ATTORNEY FOR APPELLEE:          HAL SCOT SPRAGINS JR.
NATURE OF THE CASE:                CIVIL - INSURANCE
DISPOSITION:                            AFFIRMED - 04/22/2025
MOTION FOR REHEARING FILED:

## BEFORE CARLTON, P.J., WESTBROOKS AND EMFINGER, JJ.

## CARLTON, P.J., FOR THE COURT:

¶1.     While driving in DeSoto County, Mississippi, Jesse Sandlin's car was allegedly struck by an uninsured motorist.  Sandlin's automobile insurance carrier was State Farm Mutual Automobile Insurance Company ("State Farm"). Sandlin filed an "Uninsured Motorist Complaint" against State Farm in the DeSoto County Circuit Court.  State Farm filed a motion to dismiss Sandlin's complaint for insufficient process and insufficient service of process, which the circuit court granted.  Sandlin unsuccessfully moved for reconsideration. Sandlin appeals the circuit court's orders.  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Sandlin was involved in a two-car accident in DeSoto County, Mississippi, on July

21, 2019. The other driver was allegedly uninsured. At the time of the accident, Sandlin was a Tennessee resident, and his car was insured by State Farm through a Tennessee agent. Sandlin filed his complaint against State Farm in the DeSoto County Circuit Court on July 14, 2022.

¶3.     The docket shows that one summons was issued the next day and returned to Sandlin for service. A copy of the summons was placed in the court file on the same day. The summons was directed to "State Farm Mutual Automobile Insurance Co., Attn: Carlos Clark, P.O. Box 16170, Atlanta GA 30348-6171." According to correspondence in the record, Carlos Clark was a State Farm claims specialist assigned to Sandlin's claim.

¶4.     On August 17, 2022, State Farm appeared and answered the complaint, raising, among other defenses, insufficiency of process and insufficiency of service of process. Shortly after State Farm filed its answer, Sandlin filed an "Amended Uninsured Motorist Complaint" without leave of court or State Farm's consent.

¶5.     On September 14, 2022, State Farm filed a motion to dismiss for Sandlin's failure to properly serve State Farm pursuant to Mississippi Rule of Civil Procedure 4.[1]

¶6.     A month later, on October 17, 2022, Sandlin filed three unsworn "Affidavit[s] of Service." Because an unsworn affidavit is no affidavit at all and without legal effect, *Designer Custom Homes LLC v. U.S. Coating Specialties & Supplies LLC*, 397 So. 3d 523, 529 (¶18) (Miss. Ct. App. 2024), we refer to the unsworn "affidavits" in this case as

---

[1] State Farm also asserted that Sandlin failed to comply with Mississippi Rule of Civil Procedure 15 in filing the amended complaint, arguing that complaint should be "struck and dismissed." The circuit court did not reach this issue, and it is not an issue on appeal.

2

"unsworn statements" to avoid any confusion. In the first unsworn statement, Sandlin stated that on October11, 2022, he "mailed a copy of the summons and complaint, certified mail return receipt requested to [STATE FARM], Attn: Carlos Clark, P.O. Box 106170, Atlanta, GA 30348-6171." The certified mail receipt was attached to the unsworn statement as an exhibit. As noted, the referenced summons had been issued by the clerk, docketed, and placed in the court file.

¶7.     In the second unsworn statement, Sandlin stated that on October 11, 2022, he "mailed a copy of the summons and complaint, certified mail return receipt requested to [STATE FARM] Headquarters, Attn: Director, One State Farm Plaza, Bloomington, IL 61710." Sandlin attached the certified mail receipt as an exhibit to this unsworn statement. A copy of the purported summons was not attached to the unsworn statement, and there was no summons directed to this address in the circuit court's docket entries or recorded in the court file.

¶8.     In the third unsworn statement, Sandlin stated that on October 11, 2022, he "mailed a copy of the summons and complaint, certified mail return receipt requested to [STATE FARM],  Headquarters, Attn: United States Corporation Company, 109 Executive Drive, Suite 3, Madison, MS 39110." United States Corporation Company (USCC) is State Farm's registered agent for service of process in Mississippi, along with the Commissioner of Insurance. The certified mail receipt was attached as an exhibit to the unsworn statement. The purported summons was not attached to the unsworn statement, and there was no summons directed to USCC in the circuit court's docket entries or recorded in the court file.

3

¶9.     Sandlin filed an opposition to State Farm's motion to dismiss on December 6, 2022, asserting that he had effectuated service of process on State Farm.[2]  On that same day, Sandlin filed two unsworn "Affidavit[s] of Service by Certified Mail" concerning purported service of process on a State Farm "Director" and on USCC.

¶10.    In the unsworn statement concerning the summons to State Farm at its home office, Sandlin stated that he "served copies of . . . [t]he Summons; [and] . . . [a] copy of the Complaint to Defendant State Farm Mutual Automobile Insurance Company, Headquarters, Attn: Director; One State Farm Plaza, Bloomington, IL 61710."  Sandlin further stated that "he received the return receipt ('green card') [that] was signed [for] on October 17, 2022, by Brian Gregory."  The referenced green card was copied onto the bottom of the unsworn statement.  The green card was stamped "Brian Gregory" and dated-stamped "OCT 17 2022" in the section to be completed upon delivery. No purported summons was attached as an exhibit.

¶11.    In the unsworn statement concerning USCC, Sandlin stated that "he served copies of . . . [t]he Summons [and] . . . [a] copy of the Complaint to Defendant State Farm Mutual Automobile Insurance Company, Registered Agent: United States Corp. Co. 109 Executive Drive, Suite #3, Madison, MS 39110."  Sandlin further stated that he "received the return receipt ('green card') [that] was delivered on October 22, 2022, and the recipient refused to sign for delivery."  However, the record reflects that although a green card was copied onto the bottom of the unsworn statement, the section to be completed on delivery was blank.

_____

[2] Sandlin also asserted that the filing of the amended complaint did not violate Rule 15, but, as noted, this issue was not reached by the circuit court, nor is it an issue on appeal.

Additionally, no returned envelope marked "Refused" was attached to the unsworn statement. Sandlin also did not attach a copy of the purported summons.

¶12. The circuit court held a hearing on State Farm's motion to dismiss on June 23, 2023.[3] After reading the pleadings and record before him, and upon hearing the parties' arguments,[4] the circuit court judge entered an "Order of Dismissal" on July 6, 2023.[5] The circuit court found that "[b]ecause [Sandlin] failed to perfect service of process or request an extension to do so within 120 days of the filing of the *Complaint*, and because [Sandlin] failed to show good cause for failing to meet the deadline, dismissal of the *Complaint* [was] proper." The circuit court dismissed Sandlin's complaint, with prejudice, finding that "the applicable statute of limitations ha[d] expired."

¶13. On July 17, 2023, Sandlin filed a "Motion for Reconsideration and Motion to Vacate Order of Dismissal" pursuant to Mississippi Rule of Civil Procedure 59 (motion for reconsideration). Sandlin asserted that he had properly served State Farm with the summons and complaint within the 120-day time limit under Mississippi Rule of Civil Procedure 4(h). As part of exhibit A to his motion, Sandlin included a summons directed to "[STATE FARM], One State Farm Plaza, Bloomington, IL 61710"; and a summons directed to "[STATE FARM], c/o United States Corporation Company, 109 Executive Drive, Suite 3,

---

[3] As State Farm's counsel explained at the hearing, State Farm's motion to dismiss had been noticed for a hearing and reset several times to accommodate Sandlin's availability.

[4] State Farm's counsel informed the circuit court that "Carlos Clark . . . is a claims specialist [and] not otherwise [an] agent . . . or registered agent of State Farm."

[5] Prior to the hearing on State Farm's motion to dismiss, several other motions and responses were filed that are not at issue here.

Madison, MS 39110." Issuance of these summonses, however, is not shown on the circuit court docket, nor do we find that they were independently filed by the circuit clerk in the court file. We address these summonses in further detail below.

¶14. The circuit court denied Sandlin's motion for reconsideration on November 17, 2023, and its "Order Denying Reconsideration" was entered on that same date. Sandlin appeals, asserting that the circuit court erred when it dismissed his complaint and further erred when it denied his motion for reconsideration.

## DISCUSSION[6]

### I. Dismissal for Insufficiency of Process and Service of Process[7]

¶15. Sandlin asserts that the circuit court erred in dismissing his complaint for insufficient process and service of process. Sufficiency of process and service of process are jurisdictional issues, which we review de novo. *BB Buggies Inc. v. Leon*, 150 So. 3d 90, 95 (¶6) (Miss. 2014); *Turner v. Deutsche Bank Nat. Tr. Co.*, 65 So. 3d 336, 338 (¶7) (Miss. Ct. App. 2011). For the reasons addressed below, we find dismissal was proper for both insufficient process and insufficient service of process pursuant to Mississippi Rule of Civil Procedure 12(b)(4) and 12(b)(5), respectively.

¶16. The Mississippi Supreme Court has explained the difference between a challenge to the "content of the summons" and one concerning delivery of the summons and complaint, as follows: "If the matter concerns the content of the summons, the motion should be made

---

[6] The standard of review for each issue is discussed in context.

[7] We separately address the circuit court's dismissal with prejudice because the statute of limitations had expired.

6

under Rule 12(b)(4). By contrast, a motion under Rule 12(b)(5) is the correct procedural vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Pub. Emps.' Ret. Sys. of Miss. v. Dillon*, 538 So. 2d 327, 328 (Miss. 1988). In this case, both situations are at issue.

¶17. "Rule 4 of the Mississippi Rules of Civil Procedure governs the issuance and form of summonses to be served upon defendants." *Arrington v. Anderson*, 356 So. 3d 604, 609 (¶20) (Miss. Ct. App. 2022). "The rules on service of process are to be strictly construed," *Wells v. Wells*, 394 So. 3d 1011, 1020 (¶32) (Miss. Ct. App. 2024), and "actual notice does not cure defective process." *Id.* at 1021 (¶34) (quoting *Clark v. Clark*, 43 So. 3d 496, 499 (¶12) (Miss. Ct. App. 2010)).

¶18. As to issuance of a summons, Rule 4(a) mandates that "[u]pon filing of the complaint, the *clerk* shall forthwith issue a summons." M.R.C.P. 4(a) (emphasis added); *see* M.R.C.P. 4 cmt. ("After a complaint is filed, the *clerk* is required to issue a separate summons for each defendant. . . ." (emphasis added)).

¶19. Regarding service of process, we begin by noting that State Farm is a corporation organized and existing under the law of the State of Illinois and licensed to do business in Mississippi. Rule 4(d)(4) "governs service of process for a domestic or foreign corporation, partnership, or other unincorporated association." *Sun South LLC v. Bayou Vista LLC*, 281 So. 3d 980, 984 (¶11) (Miss. Ct. App. 2019). In particular, Rule 4(d)(4) provides that "[s]ervice . . . shall be made . . . [u]pon a domestic or foreign corporation . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or

7

to any other agent authorized by appointment or by law to receive service of process." M.R.C.P. 4(d)(4).

¶20. By law, in order to be authorized to do business in Mississippi, State Farm is required to "appoint the [Mississippi] Commissioner of Insurance . . . [as] its true and lawful attorney, upon whom all process in any action or legal proceeding against it may be served." Miss. Code Ann. § 83-21-1(c) (Rev. 2011). Additionally, State Farm is required to appoint an in-state resident as its agent for service of process. Miss. Code Ann. § 83-21-1(d). In accordance with this provision, State Farm appointed USCC as its registered agent. In short, State Farm may be served with process through the Mississippi Commissioner of Insurance or USCC.[8]

### A. Sufficiency of Process and Service of Process with Respect to the "Carlos Clark" Summons

¶21. The circuit court case docket and the record plainly show that the only summons issued by the circuit clerk and returned to Sandlin for service as required by Rule 4(a) was the summons directed to "[State Farm], Attn: Carlos Clark." Sandlin attempted to serve Clark with this summons and the complaint by certified mail to a general post office box

---

[8] The official website for the Mississippi Insurance Department, https://www.mid.ms.gov/mississippi-insurance-department/licensing-search/company-licensing-search/ (last visited Apr. 22, 2025), provides a search mechanism that allows a party to find the registered agent for service of process for a particular insurance company by simply typing the name of the company in the search bar. Once located, the registered agent information for the particular company also contained the following notation, in red: "Note: the above appointment is in addition to the Commissioner of Insurance." Thus, this straightforward process allowed Sandlin to obtain State Farm's in-state registered agent's information and also provided a reminder that in lieu of service on State Farm's registered agent, Sandlin could serve the Mississippi Commissioner of Insurance.

address. We find that Sandlin's attempt to complete a summons and serve process in this manner was insufficient for the reasons explained below.

¶22. In *Hudson v. Lowe's Home Centers Inc*., 98 So. 3d 1093 (Miss. Ct. App. 2012), this Court found that the plaintiffs' attempt to serve a complaint on Lowe's was insufficient by delivering the summons and complaint to the company's attorney, while knowing that Lowe's registered agent was Corporation Service Company (CSC). *Id.* at 1095 (¶¶7-9). In reaching this conclusion, we recognized that in *Tucker v. Williams*, 7 So. 3d 961 (¶14) (Miss. Ct. App. 2009), this Court found that the Williamses' service on Tucker's attorney was improper "as there was no evidence this attorney was the proper person to be served pursuant to Rule 4(d)(4)." *Hudson*, 98 So. 3d at (¶7). We observed that, "[i]n fact, the Williamses . . . acknowledge[d] this because they had listed Tucker as the registered agent for service of process. Similarly, Hudson knew CSC was the registered agent for Lowe's according to the summons issued on August 3, 2009." *Id.* We found insufficient process and service of process in both cases. *Id.* at (¶¶7-8); *Tucker*, 7 So. 3d at 966 (¶14). *Hudson* and *Tucker* are instructive here.

¶23. As in *Hudson* and *Tucker*, there is no evidence in this case that Carlos Clark, a State Farm claims specialist, "was the proper person to be served pursuant to Rule 4(d)(4)." *Id*. And also like the plaintiffs in *Hudson* and *Tucker*, Sandlin knew USCC was State Farm's registered agent, as evidenced by Sandlin's later attempt to serve USCC, which we address below. Nevertheless, Sandlin chose to have the summons issued to the attention of Carlos Clark rather than USCC, and he sent the summons and complaint to a general post office box

9

address via certified mail. Thus, process was not directed or sent to a person authorized to receive service of process on State Farm's behalf, which we find was plainly insufficient.

¶24. In any event, even if we were to find that Clark was authorized to receive service of process, there is no evidence that service of process was accomplished. As noted, after State Farm filed its motion to dismiss, Sandlin filed an unsworn statement in which he said that he "mailed a copy of the summons and complaint, certified mail return receipt requested to [STATE FARM], Attn: Carlos Clark, P.O. Box 106170, Atlanta, GA 30348-6171." Sandlin attached a copy of the certified mail receipt to the unsworn statement. As such, Sandlin attempted service of process pursuant to Rule 4(c)(5), which provides:

> Service by Certified Mail on Person Outside State. In addition to service by any other method provided by this rule, a summons may be served on a person outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested. . . . *Service by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked "Refused."*

M.R.C.P. 4(c)(5) (emphasis added). The record contains no "return receipt" or "returned envelope marked 'Refused'" with respect to attempted service on Clark. Accordingly, service of process was insufficient.

¶25. Based upon the only summons issued by the clerk as required by Rule 4(a), we find that dismissal of Sandlin's complaint was proper pursuant to Rule 12(b)(4) and Rule 12(b)(5).

### B. Sufficiency of Process and Service of Process with Respect to the Two Other Purported Summonses

#### 1. Insufficient Process

10

¶26.    In addition to filing an unsworn statement concerning the Carlos Clark summons after State Farm filed its motion to dismiss, Sandlin also filed two other unsworn statements regarding service at the same time.  In one unsworn statement, Sandlin stated that he "mailed a copy of the summons and complaint, certified mail return receipt requested to [STATE FARM] Headquarters, Attn: Director, One State Farm Plaza, Bloomington, IL 61710."  In the other unsworn statement, Sandlin stated he "mailed a copy of the summons and complaint, certified mail return receipt requested to [STATE FARM],  Headquarters, Attn: United States Corporation Company, 109 Executive Drive, Suite 3, Madison, MS 39110."  Although he included copies of the green return-receipt cards with the respective unsworn statements, Sandlin did not attach copies of the referenced summonses.

¶27.    After the circuit court granted State Farm's motion to dismiss, however, Sandlin furnished what appears to be altered summonses to these two addressees as exhibits to his motion for reconsideration.  We note Sandlin did not furnish these purported summonses until after entry of the circuit court's order of dismissal.  The first summons was directed to "[STATE FARM], One State Farm Plaza, Bloomington, IL 61710."  The  second summons was directed to "[STATE FARM], c/o United States Corporation Company, 109 Executive Drive, Suite 3, Madison, MS 39110."

¶28.    Upon review, we find that these summonses do not constitute sufficient process.  First, even if Sandlin's unsworn statements could be considered proper evidence to defeat State Farm's motion to dismiss,[9] Sandlin did *not* state in these unsworn statements that the

_____

[9] Just as an unsworn document "is not competent evidence to oppose summary judgment," *Designer Custom Homes*, 397 So. 3d at 529 (¶18), we likewise find that

11

summonses were issued by the circuit clerk. The docketed and filed Carlos Clark summons is evidence of the procedure the circuit court clerk follows in issuing summonses. Unlike the Carlos Clark summons, we find no entry on the case docket indicating that these summonses were issued by the circuit clerk, nor were these summonses filed in the court file prior to Sandlin filing them as exhibits to his motion for reconsideration. In short, we find no evidence that these summonses were issued by the circuit clerk as Rule 4(a) mandates.

¶29. Second, although these summonses appear to be *similar* to the Carlos Clark summons shown on the circuit court docket to have been issued on July 15, 2022, they appear to be altered versions of the Carlos Clark summons, which is the *only* summons that we find had been issued by the circuit court clerk. Specifically, portions of the addressee information on each summons appear to have been "whited out" with correction tape or liquid paper and written over with the new addressee's information. *See Arrington*, 356 So. 3d at 610 (¶23) (affirming dismissal for insufficient process where summons had been altered to change the addressee with evidence showing the alteration occurred after issuance of the original summons).

¶30. We find that process was insufficient for each of these reasons with respect to both summonses. As such, we find that dismissal was proper because these later-filed purported summonses were not valid or sufficient processes.

---

Sandlin's unsworn "affidavits" in this case are insufficient, standing alone, to constitute evidence of proper process or service. However, Sandlin also presented certified mail receipts, return receipts, and, eventually, the purported summonses in an attempt to show sufficient process and service of process. As such, our decision today does not turn on the unsworn nature of his statements.

## 2.     Insufficient Service of Process

¶31.    Despite the invalidity of the summonses in this case for the reasons detailed above, Sandlin asserts that the circuit court erred in dismissing his complaint because his unsworn statements regarding service, "coupled with the return[s] of service . . . [create] a presumption that service of process complied with Rule 4."  According to Sandlin, because State Farm did not rebut this presumption through the use of extrinsic evidence, the circuit court erred in dismissing his complaint.  We find this argument unavailing for the reasons discussed below.

¶32.    Sandlin "[bears] the initial burden of showing effective service of the summons and complaint." *Thornton v. Freeman*, 242 So. 3d 188, 192 (¶10) (Miss. Ct. App. 2018).  Service of process cannot be properly effectuated without starting with sufficient process.  Here, process was insufficient with respect to the Carlos Clark summons and the two other purported summonses, as we have addressed above.  Sandlin's argument fails for this reason alone.

¶33.    Further, although we recognize that "[i]f a process server has properly executed a return, there is a presumption that service of process has occurred," *Wells*, 394 So. 3d at 1021 (¶33), logic dictates that this presumption never arises when the defendant is not properly served in the first place.  Indeed, "[t]he rules on service of process are to be strictly construed.  If our Rules of Civil Procedure have not been complied with in this context, the court is without jurisdiction unless the defendant appears of his own volition." *Id.* at 1020 (¶32) (citations omitted).

13

¶34. We have already addressed that Sandlin produced no return of service or envelope marked "Refused" with respect to his attempted service by certified mail on Carlos Clark. Thus, service of process on Clark was never effected. Regarding the two other purported summonses, we likewise find that Sandlin failed to sufficiently serve process; thus, no presumption of service ever arose. We turn now to discuss our analysis on this point with respect to these summonses.

¶35. Sandlin attempted to serve State Farm by mailing, via certified mail, a copy of the summons and complaint to State Farm's in-state registered agent, USCC. We find that Sandlin failed to effect service of process in this manner because service by certified mail may only be used to serve persons outside the state—USCC was State Farm's *in-state* registered agent appointed by law. *Hadley v. FedEx Ground Package Sys. Inc.*, 363 So. 3d 836, 840 (¶9) (Miss. Ct. App. 2019).

¶36. In *Hadley*, this Court found that the plaintiff Hadley failed to effect service of process on FedEx where he admitted that "the only attempt to serve FedEx was via certified mail on its registered agent (CT Corporation System), located in Flowood, Mississippi." *Id.* We explained that a corporation "would be properly served with process . . . by delivery of the summons and complaint to an officer, managing agent, general agent, or any other agent authorized to receive process." *Id.* at 840 (¶9) (citing M.R.C.P. 4([d])(4)). In contrast, "[c]ertified mail, may be used to serve process upon persons 'outside this state.'" *Id.* (quoting *Triple C Transp. Inc. v. Dickens*, 870 So. 2d 1195, 1198-99 (¶21) (Miss. 2004) (citing M.R.C.P. 4(c)(5))).

14

¶37. The comment to Rule 4(c)(5) specifically provides that the certified mail procedure "is limited to [service on] persons outside the state." M.R.C.P. 4 cmt. As we found in *Hadley*, "[s]o long as the foreign corporation does business in Mississippi, service of process is proper by delivery to its registered agent for service of process." *Hadley*, 363 So. 3d at 840 (¶9). Because Hadley had served FedEx only by certified mail, we found that he "did not properly serve FedEx within the 120-day deadline." *Id.*

¶38. The same analysis applies here. Because Sandlin attempted to serve USCC only via certified mail, Sandlin "did not properly serve [State Farm] within the 120-day deadline." *Id.*[10]

¶39. Despite knowing that State Farm's registered agent for service of process in Mississippi was USCC, Sandlin also attempted to serve process pursuant to Rule 4(c)(5) by sending, via certified mail, a summons and complaint to State Farm's home office to the attention of "Director." We find that Sandlin also failed to effect service of process on State Farm in this manner.

¶40. Rule 4(c)(5) specifically provides that "a summons may be served on a *person* outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested." M.R.C.P. 4(c)(5) (emphasis added). Interpreting this state rule, the United States District Court for the Southern District of Mississippi has

---

[10] We also note that although a green return-receipt card was copied onto the bottom of Sandlin's unsworn statement concerning this mailing, the section to be completed on delivery was blank. There is no indication that "the recipient refused to sign for delivery," as Sandlin said in his unsworn statement. Additionally, no returned envelope marked "Refused" was attached to this unsworn statement. Thus, even if service of process via certified mail had been proper, it was never accomplished, even by this method.

observed that "[t]he Rule, therefore, distinguishes between the 'person' that physically receives service, and the actual 'defendant.' The two terms are not synonymous." *Brown v. Bristol-Myers Squibb Co.*, No. CIV-A-402CV301LN, 2002 WL 34213425, at *3 (S.D. Miss. Nov. 2, 2002).

¶41. In *Brown*, the plaintiffs sent a summons and complaint to "Apothecon, Inc." via certified mail "but did not address it to any particular person." *Id.* at *2. The court held that the "[p]laintiffs did not properly serve Apothecon," reasoning as follows:

> Interpreting Rule 4(c)(5) in this way is appropriate, because this interpretation makes Rule 4(c)(5) consistent with Rule 4(d). Rule 4(d), which is entitled "Summons and Complaint: Person to Be Served," specifically identifies the "person" the plaintiff must serve with process based on the type of defendant involved in the case. If the defendant is an "unincorporated association which is subject to suit under a common name," like the Plan, then the plaintiff must deliver "a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." [M.R.C.P.] 4(d)(4). Thus, when the defendant is an unincorporated association the "person" referred to in Rule 4(c)(5) is not the defendant itself, but the agent authorized to receive service on the defendant's behalf.

*Id.* at *3.

¶42. The same analysis applies to State Farm—a foreign company with a registered agent in Mississippi that can be served with process pursuant to Rule 4(d). The addressee on the purported summons was simply State Farm (not directed to any person), and the certified mailing was addressed only to State Farm, to the attention of an unnamed "Director." Accordingly, we find that Sandlin did not properly serve State Farm. *See id.* The circumstances here particularly warrant this finding. Rule 4(d)(4) does not even list a "director" as a person to be served (much less an unnamed director), and Sandlin knew that

*USCC* was State Farm's registered agent—an agent State Farm was required to "authorize[] . . . by law to receive service of process." M.R.C.P. 4(d)(4); Miss. Code Ann. § 83-21-1(d); *see Hudson*, 98 So. 3d at 1095 (¶¶7-8) (finding that the plaintiffs improperly served the attorney for corporate defendant Lowe's where there was no evidence the attorney was authorized to be served pursuant to Rule 4(d)(4) and when plaintiff knew that CSC was Lowe's registered agent); *see also Tucker*, 7 So. 3d at 966 (¶14).

¶43.    We recognize that Sandlin received a green return-receipt card stamped "Brian Gregory" and date-stamped "OCT 17 2022" after sending the certified mail to an unnamed director. This point, however, does not change our analysis. Even if service of process by certified mail were proper, Sandlin identified no "person" as the addressee on the summons. We find it far too tenuous to construe a notation on the certified mailing to an unnamed director as a sufficient identification under either Rule 4(c)(5) or Rule 4(d)(4). Thus, it does not matter whether someone at State Farm signed for the certified mailing because no "person" was ever identified on the summons or certified mailing in the first place. A comparison to the supreme court's decision in *Flagstar Bank FSB v. Danos*, 46 So. 3d 298 (Miss. 2010), illustrates our point.

¶44.    In *Flagstar*, the supreme court found that service of process by certified mail to defendant Flagstar's *out-of-state* registered agent was effective, despite being accepted by a mail clerk (rather than the named registered agent). *Id.* at 303-04 (¶¶16-18). Unlike State Farm, Flagstar was a foreign corporation that did not have a registered agent in Mississippi; but the business did have one outside Mississippi, so service via Rule 4(c)(5) was the

appropriate method of service. *Id.* at 303 (¶13). In determining that service had been effectuated in this matter, the supreme court emphasized what it found to be the relevant requirement under Rule 4(c)(5)—namely, "that the [certified mailing] *must be properly addressed to the person authorized to receive process on behalf of the corporation and actually delivered to that address*." *Id.* at (¶16) (emphasis added). Because "[t]hat was done in this case," the supreme court found service was proper, despite the certified mailing being accepted by the mail clerk and not the named registered agent. *Id.*

¶45.   In contrast, none of the circumstances in *Flagstar* are present here. State Farm had an in-state registered agent—Sandlin knew this fact, but he nevertheless attempted to serve process via certified mail on an unnamed director at State Farm's home office. Even if service by certified mail had been proper, Sandlin wholly failed to identify and "properly address[] [the certified mailing] to the person authorized to receive process on [its] behalf." *Id.* Under these circumstances, the completed green card is not sufficient evidence of service.

¶46.   Strictly construing the rules on service of process as we must, *Wells*, 394 So. 3d at 1020 (¶32), we find that even if the purported summonses to State Farm's home office and to USCC were valid, Sandlin failed to effect service of process under either one for the reasons detailed above.

### II.     Dismissal with Prejudice

¶47.   The circuit court dismissed Sandlin's complaint in this case, finding that Sandlin "failed to perfect service of process or request an extension to do so within 120 days of the

18

filing of the Complaint" and that Sandlin "failed to show good cause for failing to meet the deadline." Further, "because the applicable statute of limitations has expired," the circuit court dismissed Sandlin's complaint with prejudice. We find no error in the circuit court's dismissal with prejudice in this case.

¶48. On appeal, Sandlin does not challenge the "with prejudice" aspect of the circuit court's ruling, nor did he do so in his motion for reconsideration before the circuit court. The only contention Sandlin makes on appeal is that the circuit court erred by dismissing his complaint "because Rule 4(h) clearly does not apply to a motion for additional time filed within the initial 120 days," citing *Cross Creek Prods. v. Scafidi*, 911 So. 2d 958, 960 (¶5) (Miss. 2005). Upon review, however, we find no pleading or other filing in the record where Sandlin *ever* sought an extension of time within which to serve process, either inside or outside the 120-day time limit under Rule 4(h).[11] Even if Sandlin had requested such relief, we find Sandlin's assertion without merit. As we have already determined above, Sandlin never effected service of process on State Farm at all. Thus, we find Sandlin's sole contention on this point wholly unpersuasive.

¶49. Under Mississippi law, "when a suit is commenced within the period of limitation, the statute of limitations stops running, *for a time*." *Est. of Puckett v. Clement*, 238 So. 3d 1139, 1146 (¶22) (Miss. 2018) (internal quotation marks omitted). "In the event process is not served during the 120[-]day service period [as required by Mississippi Rule of Civil

---

[11] Indeed, Sandlin asserted in his motion for reconsideration that because "State Farm received effective service prior to the 120 days expiration [under Rule 4] . . . [he] was not required to seek any additional relief with respect to enlargement of time to effect service."

Procedure 4(h)], then the statute begins to run again." *Id.* at 1146-47 (¶22); *Unruh v. Johnson*, No. 2024-IA-00028-SCT, 2025 WL 798352, at *6 (¶33) (Miss. Mar. 13, 2025). "In order to toll the statute of limitations beyond [the 120-day service period], the plaintiff must seek an enlargement of the Rule 4(h) deadline under Mississippi Rule of Civil Procedure 6 or dismiss the suit and refile it." *Clement*, 238 So. 3d at 1147 (¶22). Dismissal of the plaintiff's lawsuit, with prejudice, is appropriate if the limitations period expires and the defendant has not been properly served. *Stutts v. Miller*, 37 So. 3d 1, 7 (¶17) (Miss. 2010); *Triple C Transp. Inc. v. Dickens*, 870 So. 2d 1195, 1202 (¶51) (Miss. 2004); *Arrington*, 356 So. 3d at 611 (¶27); *Hadley*, 363 So. 3d at 840 (¶8); *Unruh*, 2025 WL 798352, at *6 (¶34).

¶50. Here, the accident between Sandlin and the uninsured motorist occurred on July 21, 2019. Sandlin filed his "Uninsured Motorist Complaint" against State Farm on July 14, 2022, just one week before the applicable three-year limitations period would toll.[12] Sandlin had until November 11, 2022, to serve process. M.R.C.P. 4(h). As we have addressed above, we find that Sandlin, at no time, effected service of process on State Farm in this case. Nor did Sandlin seek additional time within which to serve process, either during the 120-day initial period for service of process or after that time. As such, the three-year limitations

---

[12] "A cause of action against an insurer for uninsured . . . motorist benefits is subject to a three-year statute of limitations." *United Servs. Auto. Ass'n v. Moffatt*, 334 So. 3d 165, 169 (¶16) (Miss. Ct. App. 2022) (citing Miss. Code Ann. § 15-1-49 (Rev. 2012)). "[T]he [catch-all three-year] statute of limitations for an uninsured-motorist claim begins to run when it can be reasonably known that the damages suffered exceed the limits of insurance available to the alleged tortfeasor." *Montgomery v. Safeco Ins. Co. of Ill.*, 99 So. 3d 225, 228 (¶8) (Miss. Ct. App. 2012). Here, Sandlin does not contend he was unaware of the other driver's uninsured motorist status on the date the accident occurred or assert any other argument that the limitations period was triggered on some date after the accident.

20

period on his claim resumed after November 11, 2022, and expired seven days later.

¶51. The circuit court's order of dismissal was entered on July 6, 2023, nearly four years after the accident, and nearly a year after the three-year limitations period had expired. The circuit court dismissed Sandlin's complaint with prejudice, finding that State Farm had not been properly served, and "the applicable statute of limitations has expired." We find no error in this ruling. *See, e.g.*, *Stutts*, 37 So. 3d at 7 (¶17); *Arrington*, 356 So. 3d at 611 (¶27).

### III. Motion for Reconsideration

¶52. On July 17, 2023, Sandlin filed a motion for reconsideration of the circuit court's July 6, 2023 order pursuant to Rule 59. A motion for reconsideration filed post-judgment within ten days, as in this case, "is treated as a motion to amend judgment pursuant to M.R.C.P. 59(e)." *Boyles v. Schlumberger Tech. Corp.*, 792 So. 2d 262, 265 (¶6) (Miss. 2001); *see* M.R.C.P. 59 cmt. "[T]o succeed on a Rule 59(e) motion, the movant must show: (i) an intervening change in controlling law, (ii) availability of new evidence not previously available, or (iii) need to correct a clear error of law or to prevent manifest injustice." *Brooks v. Roberts*, 882 So. 2d 229, 233 (¶15) (Miss. 2004). We "review[] a trial court's denial of a Rule 59 motion under an abuse of discretion standard." *Id.*

¶53. In seeking reconsideration, Sandlin presented no new evidence,[13] nor did he cite to "an intervening change in controlling law" concerning dismissal of his complaint. *Id.* Further, for all the reasons we have already addressed above in affirming the circuit court's July 6,

---

[13] Although Sandlin finally presented the purported summonses to State Farm at its home office and to USCC with his motion for reconsideration, these purported summonses were not "new" evidence. In any event, we have addressed them in detail above.

21

2023 order of dismissal, we do not find that Sandlin demonstrated any "clear error of law" or circumstances creating "manifest injustice" in that order. Accordingly, we find no abuse of discretion in the circuit court's decision to deny Sandlin's motion for reconsideration.

## CONCLUSION

¶54. For all the reasons set forth above, we affirm the circuit court's July 6, 2023 Order of Dismissal and November 17, 2023 Order Denying Reconsideration.

¶55. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., WESTBROOKS, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND ST. PÉ, JJ., CONCUR. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**